'ARMSTRONG, Executor, Respondent, vs. BLANCHARD and others, imp., Appellants.

*April 26—May 14, 1912.*

*Life insurance: Mutual benefit societies: By-laws as part of contract: Construction: Who may be beneficiaries: Right to dispose of proceeds of certificate by will.*

1. Provisions in the by-laws of a mutual benefit society, which became part of the insurance contract with a certificate holder, as to who might be named as beneficiaries either originally or when a change was made, and that "no payments shall be made upon any benefit certificate to any person who does not bear such relationship as wife, surviving child, heir, blood relative, or person dependent upon or member of the family of the member at the time of his death," and that in case no beneficiary is

named or if those named predecease the certificate holder the amount due on the certificate shall be payable to the immediate relatives and heirs in a certain order therein named, and in default of any such relatives and heirs surviving "then to the next of kin who would be the distributees of the personal estate of the member upon his death intestate,"—did not deprive the certificate holder of the right, which attaches to his insurance contract under the laws of this state, to dispose by will of the proceeds of his certificate.

2. So *held*, in a case where the beneficiary named had predeceased the certificate holder and no new beneficiary had been designated in accordance with the by-laws, and the certificate holder bequeathed the proceeds of the certificate to nieces and a cousin, who were not his heirs at law nor his immediate relatives in the order named in the by-laws, there being surviving brothers and a sister.

APPEAL from a judgment of the circuit court for Grant county: GEORGE CLEMENTSON, Circuit Judge. *Affirmed*.

This is an action by the executor of the last will and testament of Reuben D. Blanchard, deceased, to recover the amount of a benefit certificate issued by the Modern Woodmen of America, dated January 27, 1892, payable by the terms of the certificate to Lucy Blanchard, adopted mother of the deceased.

Lucy Blanchard died in 1901. Reuben D. Blanchard died in 1910 without having changed the beneficiary named in the benefit certificate pursuant to the by-laws of the society. By the by-laws of the society a member may name as beneficiaries "the wife, surviving children, or some other person or persons, . . . who are related to the member as heir, blood relative, or person dependent upon him, or member of his family whom the applicant shall designate in his application. No payment shall be made upon any benefit certificate to any person who does not bear such relationship as wife, surviving child, heir, blood relative, or person dependent upon or member of the family of the member at the time of his death." The beneficiary named by the deceased died in 1901 and he failed to name another. The provisions of the by-laws applicable to

the situation are the following parts of sec. 46, which provides that under such a condition the amount of the certificate shall be payable

"to the widow, if no widow, to his children, including his legally adopted children, and in case there are deceased children or child, the children or child of such shall take the share of such deceased parent; if no children, or child of the deceased children or child, to the mother; if no mother, to the father; if no father, to the brothers and sisters, share and share alike, and in case there are deceased brothers or sisters, then to the children or child of such, who shall take the share of such deceased parent; if no brothers or sisters or children or child of any deceased brother or sister, then to the next of kin, who would be the distributees of the personal estate of the member upon his death intestate according to the laws of the state wherein the said member resided at the time of his death."

Sec. 47 of the by-laws provides the procedure for making a change of beneficiaries, and also:

"The new beneficiary or beneficiaries so named shall be within the description of beneficiaries contained in sec. 45 hereof. [Quoted on p. 32.] No change in the designation of the beneficiaries shall be of binding force unless made in compliance with this section."

The will of Reuben D. Blanchard contains the following provision:

"I give, devise and bequeath to my niece, Effie Munns, the sum of one thousand dollars ($1,000), and to my niece, Claudia N. Jones, a like sum of one thousand dollars ($1,000); also to my beloved cousin, Marian Byerly, in partial recognition of her many deeds of kindness, care and attention, the further sum of one thousand dollars ($1,000), the said sum of three thousand dollars ($3,000) constituting the life insurance policy of $3,000 in the Modern Woodmen of America."

By an order of the trial court the legatees named in this clause of the will, Ella M. Jones, the heir at law of Lucy Blanchard, and two brothers and a sister of the deceased, were

substituted for the Modern Woodmen of America; the $3,000 proceeds of the certificate was directed to be paid into court; and the Modern Woodmen of America, the original defendant, was released.   Ella M. Jones has assigned her interest to the legatees named in the will.

The trial court found that the deceased had a legal right to dispose of the proceeds of the benefit certificate by will and that he had by his will bequeathed the avails thereof or the moneys arising therefrom to the legatees named in the will; that the brothers and sister of the deceased, his only surviving heirs at law, had no legal claim to any part of the moneys arising from the benefit certificate; and that the plaintiff, as executor, was entitled to the $3,000 arising from the benefit certificate, for the benefit of the legatees as provided in the will.

This is an appeal from the judgment in accord with the findings of the court.

For the appellants the cause was submitted on the brief of *Brown, Brennan & Carthew*.   They contended, *inter alia,* that there can be no change of beneficiary in a mutual benefit certificate by the will of a member, where that change is in violation of the by-laws of the society; nor can there be any disposition of the benefit in that manner.   *Thomas v. Covert,* 126 Wis. 593, 105 N. W. 922; *Holland v. Taylor,* 111 Ind. 121, 12 N. E. 116; *Stephenson v. Stephenson,* 64 Iowa, 534, 21 N. W. 19; *Hainer v. Iowa Legion of Honor,* 78 Iowa, 245, 43 N. W. 185; *Daniels v. Pratt,* 143 Mass. 216, 10 N. E. 166; *Maryland Mut. Ben. Soc. v. Clendinen,* 44 Md. 429, 22 Am. Rep. 52; *McCarthy v. Supreme Lodge,* 153 Mass. 314, 26 N. E. 866; *Fink v. Fink,* 171 N. Y. 616, 64 N. E. 506; *Hellenberg v. District No. 1,* 94 N. Y. 580; *Harton's Estate,* 213 Pa. St. 499, 62 Atl. 1058; *Northwestern M. A. Asso. v. Jones,* 154 Pa. St. 99, 26 Atl. 253; *De Silva v. Supreme Council,* 109 Cal. 373, 42 Pac. 32; *Burke v. Modern Woodmen,* 2 Cal. App. 611, 84 Pac. 275; *Sheehan v. Journeymen Butchers' P. & B. Asso.* 142 Cal. 489, 76 Pac. 238; *Wendt v.*

*Iowa Legion of Honor,* 72 Iowa, 682, 34 N. W. 470; *Supreme Lodge v. Nairn,* 60 Mich. 44, 26 N. W. 826; *Pilcher v. Puckett,* 77 Kan. 284, 94 Pac. 132, 17 L. R. A. N. s. 1083 and note; *Grand Lodge v. Fisk,* 126 Mich. 356, 85 N. W. 875; *Schardt v. Schardt,* 100 Tenn. 276, 45 S. W. 340; Niblack, Ben. Soc. § 237; *Opitz v. Karel,* 118 Wis. 527, 95 N. W. 948; *Hutson v. Jenson,* 110 Wis. 26, 85 N. W. 689; *Ballou v. Gile,* 50 Wis. 614, 7 N. W. 561; *Rawson v. Milwaukee Mut. L. Ins. Co.* 115 Wis. 641, 92 N. W. 378; *Dietrich v. Madison R. Asso.* 45 Wis. 79. The sole purpose of this society is to afford death benefits to the family and dependents of the beneficiary, and to permit a change or disposal by will would be to force the society to do an act outside of the scope of its authority and purposes, and would be a total subversion of its purposes.

*W. E. Howe,* for the respondent.

SIEBECKER, J. The certificate, which is the contract of insurance, limits the amount due on it at the death of the member of the insurance order to $3,000, and specifies that it is issued subject to the fundamental laws of the order and is liable to forfeiture if the certificate holder does not comply with its conditions, the laws, by-laws, and such rules as are or may be adopted by the order. The assured has complied with all the conditions and the order is liable for the sum of $3,000 to whomsoever may be entitled thereto. This the representatives of the order acknowledged. They appeared in court confessing liability on the certificate and were given the opportunity to pay this amount into court and be released from further appearance in the case, the rights of the claimants thereto being submitted to the court, the sum to be paid to such persons as the court might adjudge.

As shown in the foregoing statement, the certificate holder had designated his mother by adoption as beneficiary when the certificate issued. She predeceased him in 1901, and no other

beneficiary was named by him.   In November, 1910, he made
his will containing the provisions above set forth, giving and
bequeathing to his two nieces and his cousin, each the sum of
$1,000, "the said sum of three thousand dollars ($3,000) con-
stituting the life insurance policy of $3,000 in the Modern
Woodmen of America."   It is clear that the testator intended
that these legatees should receive the proceeds of this certifi-
cate.   Decedent's brothers and sister, the appealing defend-
ants, allege and claim that decedent's attempt to dispose of
these proceeds of the certificate by will is ineffectual, and that
they are lawfully entitled thereto under the contract of insur-
ance and the fundamental laws of the order.   The funda-
mental laws of the order are effectual parts of the decedent's
contract and are binding upon him as a certificate holder.
Sec. 45 of the by-laws (stated above) provided who might be
named as beneficiaries, and that:

"No payment shall be made upon any benefit certificate to
any person who does not bear such relationship as wife, sur-
viving child, heir, blood relative, or person dependent upon
or member of the family of the member at the time of his
death."

The by-laws make provision for a change of beneficiary by
the insured in his lifetime, and provide that in such change of
beneficiary the new beneficiary so named shall be within the
description of those named in sec. 45, and that no change of
beneficiary shall become effectual unless made in compliance
with this rule.   Sec. 46 of the by-laws prescribes that the
amount due on the certificate, in case no beneficiary is named
or if those named predecease the certificate holder, shall be
payable to the immediate relatives and heirs in the order
named, and that in default of any such relatives and heirs sur-
viving, "then to the next of kin, who would be the distributees
of the personal estate of the member upon his death intestate
according to the laws of the state wherein the said member re-
sided at the time of his death."   These provisions on these

subjects contain nothing to indicate that the certificate holder is deprived of the right to dispose of the proceeds by will, which attaches to his contract under the law of this state. The right to so dispose of the proceeds of an insurance contract has been recognized in the decisions of this court when the insured has paid the premiums and kept control of the contract.    It is clearly established in the following cases and the adjudications referred to therein: *Berg v. Damkoehler,* 112 Wis. 587, 88 N. W. 606; *Rawson v. Milwaukee Mut. L. Ins. Co.* 115 Wis. 641, 92 N. W. 378; *Opitz v. Karel,* 118 Wis. 527, 95 N. W. 948; *Slocum v. Northwestern Nat. L. Ins. Co.* 135 Wis. 288, 115 N. W. 796.    In the case of *Thomas v. Covert,* 126 Wis. 593, 105 N. W. 922, the insured had agreed to forego the right to dispose of the proceeds of his certificate by will, and the stipulations on the subject, not being against law or public policy, were enforceable as part of the contract of insurance.

The fundamental laws of this order and the contract of insurance containing no provision precluding the deceased from disposing of the proceeds of the certificate by his will, it follows that the parties to whom he bequeathed them are entitled thereto.    The right which attached to his contract under the laws of this state was properly exercised by him and controls the disposition of the proceeds of his certificate.    The trial court awarded the appropriate judgment for the disposition of the funds deposited with the clerk of the court.

*By the Court.*—Judgment affirmed.