WILL OF ALLIS: THE STATE, Appellant, vs. ALLIS and another, Respondents.

*May 5—July 13, 1921.*

*Inheritance taxation: Life insurance payable to wife: Premiums paid by person other than insured: Power of legislature to tax: Evidence: Presumption as to who paid premiums.*

1. Under sub. (7), sec. 1087—1, Stats. (added by Laws 1915, ch. 253), making insurance payable on the death of the insured subject to inheritance taxes, the intention of the legislature was to include only such life insurance as the insured personally effects on his own life for the benefit of others and on which he pays the premiums.

2. Under sec. 2347, Stats. (providing that one effecting insurance on his own life or on the life of another may make the policy payable or assign it to a married woman and that it shall be her sole and separate property, and in case of her surviving the term of the policy the amount shall be payable to her free from the control, disposition, or claims of her husband), and ch. 15, Laws 1903 (providing that she may, with the written consent of the insured, assign or dispose of the policy), the rights of a wife as a beneficiary under a policy effected by her husband on his own life are contingent on her surviving the term of the policy. The insured retains a substantial interest in the policy which does not pass until his death, and the proceeds are properly subjected to inheritance taxes by sub. (7), sec. 1087—1, Stats.

3. The legislature has the power to levy inheritance taxes by the exercise of the power of reasonable regulation and taxation of the transfer of property.

4. If a husband insures his life for his wife's benefit and pays premiums thereon, he transfers property to her, in legal effect

the transaction being the same as a gift. The transfer of property to the beneficiary, which becomes consummated at the time of the death of the insured, may be taxed by the legislature.

5. Lack of direct evidence as to who paid the premiums on policies of life insurance necessarily leads to the presumption that the insured complied with the terms of the policy and paid the premiums.

ESCHWEILER, J., dissents.

APPEAL from an order of the county court of Milwaukee county: M. S. SHERIDAN, Judge. *Reversed.*

The appeal is from an order determining the inheritance tax due upon the estate of Charles Allis, deceased.

Charles Allis died July 22, 1918. At the time of his death there was insurance upon his life in the sum of $306,000 of which *Sarah E. B. Allis* was sole beneficiary. The estate consisted of real and personal property. The value thereof for inheritance-tax purposes was fixed by the county court at $377,718.27, subject to deductions amounting to $106,691.82, leaving the clear market value of the estate subject to the inheritance tax $271,026.45. Three of the policies in question were payable in a lump sum at the date of death of the deceased, while six were payable in monthly instalments.

The executors of the will of the deceased and *Sarah E. B. Allis* individually interposed an objection to the court's considering the insurance as part of the estate for the purpose of determining the inheritance tax, for the following reasons: (1) Because the interest of *Sarah E. B. Allis* was fully vested in all the policies before the passage of sub. (7), sec. 1087—1, Stats., and by virtue of sub. (4), sec. 1087—1, is not subject to the inheritance tax. (2) If the insurance in question is not exempt from the tax, then the law is invalid in so far as it attempts to tax life insurance which vested prior to the passage of ch. 253, Laws 1915, for the reason that the legislature cannot impose an inheritance or

transfer tax upon estates or property which vested prior to the enactment of the law imposing the tax. (3) Because ch. 253, Laws 1915, if construed so as to impose a tax on the insurance in question, is unconstitutional because (a) it. violated sec. 1, art. VIII, Wisconsin constitution, providing that the rule of taxation shall be uniform, and (b) it violates sec. 1, art. I, of the Wisconsin constitution and the Fourteenth amendment to the federal constitution, in that it denies to *Sarah E. B. Allis* the equal protection of the law and deprives her of her property without due process of law.

The county court held that no inheritance tax was due on account of the life insurance, and determined that the entire estate pass to *Sarah E. B. Allis,* widow of the deceased. Appeal is taken from this order.

For the appellant there was a brief by the *Attorney General, E. E. Brossard,* assistant attorney general, and *John Harrington,* inheritance tax counsel, and oral argument by *Mr. Brossard* and *Mr. Harrington.*

For the respondents there was a brief by *Miller, Mack & Fairchild,* and oral argument by *Paul R. Newcomb* and *J. G. Hardgrove,* all of Milwaukee.

SIEBECKER, C. J. The legislature in 1915 (ch. 253) amended sec. 1087—1, Stats., relating to inheritance taxes, by adding sub. (7) providing:

"Insurance payable upon the death of any person shall be deemed a part of his estate for the purpose of the tax, and shall be taxable to the person or persons entitled thereto."

It is the claim of the *State* that all life insurance maturing upon the death of the person insured is properly subject to the tax prescribed in sec. 1087—1, Stats., upon the ground that the proceeds of such insurance policies can be treated by legislative action for the purposes of such taxation the same as the decedent's estate is treated, and that the payment of such proceeds to the beneficiaries can be made subject to

inheritance taxation upon the principle that transfers of property by will, or by the intestate laws of this state, or by deed or grant, intended to take effect in possession or enjoyment at or after such death, are taxable. It is common knowledge that life insurance is usually effected by the insured on his life for the benefit of another and that he pays the premiums. In recent times life insurance effected by a person other than the insured for the benefit of the person effecting it and who pays the premiums has become established in business affairs. The latter class of life insurance creates relations between the parties to the contract materially different from those created by insurance of the former class. We are of the opinion that the legislature intended that ch. 253, Laws 1915, was to include only such life insurance as the insured effects on his own life for the benefit of another and on which he pays the premiums.

The conflicting rights asserted by the *State* and the widow of Mr. Allis make it necessary to consider the rights and interests of the insured and the beneficiaries in life insurance policies under the laws of this state. It is to be observed, as stated in *Boehmer v. Kalk,* 155 Wis. 156, 144 N. W. 182, by the late Mr. Chief Justice Winslow, that:

"Since a very early day it has been held in this state that one who insures his own life for the benefit of another and pays the premiums himself may at any time dispose of the policy, or may will it away without the consent of the beneficiary." Citing *Clark v. Durand,* 12 Wis. 223, and *Armstrong v. Blanchard,* 150 Wis. 31, 136 N. W. 145.

In *Rawson v. Milwaukee Mut. L. Ins. Co.* 115 Wis. 641, 92 N. W. 378, the court adverted to this fact as peculiar to the law of this state and said:

"In Wisconsin, however, there has existed from early times a principle of the law of life insurance which is unique and at variance with the law in most of the states. This principle is that a person who insures his own life for the

benefit of another, and pays the premiums thereon, may [except a limitation by statute as to a married woman] dispose of the policy by will or in other manner not inconsistent with the terms of the policy, to the exclusion of the beneficiary named therein."

In *Opitz v. Karel,* 118 Wis. 527, 95 N. W. 948, wherein a gift of a policy was sustained as a valid one, it was noted that "Such a policy is not to be distinguished from ordinary choses in action, and comes within the operation of the legal rules applicable to agreements involving pecuniary obligations" (citing). In *Slocum v. Northwestern Nat. L. Ins. Co.* 135 Wis. 288, 115 N. W. 796, a son and daughter of the insured as beneficiaries sued the company for damages on the ground that the company wrongly breached and terminated the policy. It is there held that such beneficiaries in the policy could not maintain the action. In speaking of the nature of the rights of beneficiaries under the general law it was there declared:

"While such a right is a vested one it is in its nature a mere 'expectancy,' which is subject to be defeated by the act of the insured, and hence cannot be absolute and indefeasible until the death of the insured. The uncertainty of the beneficiary's interests, growing out of the contingencies incident to the power of the insured to thus deal with the policy, renders the rights and interests of the beneficiaries too hypothetical to be made the ground for damages for a breach of the contract. It is a mere expectancy of an unascertainable value and hence cannot be made the basis of a claim for damages. Under the law of this state the rights of the insured in such a contract are valuable property rights, and for a deprivation thereof the insured is entitled to recover the damages as for other wrongful deprivations of valuable property rights."

This court characterized a husband's act in effecting life insurance on his life for the benefit of his wife and daughters in *Farr v. Trustees, etc.* 83 Wis. 446, 53 N. W. 738, in

these terms: "The assured, like a testator, makes provision in writing for his wife and children, to be enjoyed on his death."

We repeat these observations defining the rights of parties to an insurance policy in the law of this state because they are fundamental to a determination of the questions presented on this appeal.  The contention of defendant is that *Mrs. Allis,* the beneficiary of these policies and the widow of the insured, became vested with the proceeds of these policies at the time of their issuance and that there was no transfer of property to her within the contemplation of the inheritance tax laws of this state at the time of the insured's death, and hence no succession tax can be levied.  The inquiry as to the rights of *Mrs. Allis* under these policies under the terms of sec. 2347, Stats., is a pertinent one.  This statute, among other things, provides that:

"Any person, whether her husband or not, effecting any insurance on his own life or on the life of another may cause the same to be made payable or assign the policy to a married woman or to any person in trust for her or her benefit, and every such policy . . . shall be the sole and separate property of such married woman and shall inure to her separate use and benefit and that of her children, and in case of her surviving the period or term of such policy the amount of the insurance shall be payable to her or her trustee for her own use and benefit, free from the control, disposition or claims of her husband and of the person effecting or assigning such insurance and from the claims of their respective representatives and creditors."

In *Given v. Wisconsin Odd Fellows' Mut. L. Ins. Co.* 71 Wis. 547, 37 N. W. 817, the court relied on the rule adopted in *Foster v. Gile,* 50 Wis. 603, 7 N. W. 555, 8 N. W. 217, and held that if a policy of insurance does not designate to whom the insurance shall be paid in case the beneficiary named dies before the insured, the appointment of the beneficiary is revoked by such death and the insurance inures to the benefit of the estate of the insured.  In *Ellison v.*

*Straw,* 116 Wis. 207, 92 N. W. 1094, sec. 2347, Stats., is discussed at length, and it was declared that the dominant purpose of the whole course of legislation embodied in this section ". . . has been to provide, not for married women, but for widows, and that the full scope thereof cannot be effected other than by holding a married woman powerless to in any manner, directly or indirectly, assign insurance made for her benefit; . . . that the statute . . . preserves the insurance to the end that, in case of her surviving the insurance period, it may then be payable to her for her own use and benefit." This decision was made in January, 1903. In March, 1903, the legislature passed an act enabling a married woman, with the written consent of the person effecting such insurance, to assign, incumber, or dispose of any right, title, or interest she may have in a policy of life insurance on her life, her husband's life, or other person's, as if she were unmarried, thus clearly recognizing the fact that the insured has an interest in such a policy. From the history of the legislation and the decisions of this court from an early day it is manifest that, if a married woman is named as the beneficiary in a policy effected by her husband on his own life, her rights to the fund constituting the proceeds of the policy are contingent upon the event that she survive the term of the policy, and if she does not survive her husband and leaves no children surviving, then the proceeds are a part of the husband's estate unless another beneficiary is designated in the policy. It is thus seen that the husband retains a substantial interest in such a policy. All the policies in this case matured upon Allis' death. But it is argued by respondents that the rights of the widow became vested when she was made the beneficiary of the policies, and therefore there is no transfer of property or of any interest therein from the husband to his widow as the beneficiary of the policies at the time of his death within the terms of the inheritance tax law. This claim is predicated on the ground that the policies were her sole and separate property and

that she is vested with absolute ownership thereof. This, we consider, is not the legal effect of her appointment as beneficiary. As heretofore indicated, the policies are property under the law in which the insured retains an interest, and her interests as beneficiary and widow were not absolutely vested in her until his death. Her interests in the policies and their proceeds were joined with his interest until the contingency of her surviving him had happened. Under such circumstances it must follow that a transfer of his interest in these policies took effect at the husband's death and that she, in law, had not an absolute but a qualified ownership of the policies and their proceeds before his death. The nature and quality of such beneficial interest in these policies during the insured's life constitute a good ground for legislative action to subject the proceeds realized therefrom to inheritance taxation upon the basis that they "shall be deemed a part of his estate for the purpose of the tax, and shall be taxable to the person or persons entitled thereto." It is not essential that such proceeds shall become a part of the deceased husband's estate upon his death in order to subject them to inheritance taxation. It is self-evident that by means of these policies the husband transferred a large part of his estate to his widow, which became effective at his death; this puts the transaction within the field of inheritance taxation. As declared in the case of *Nunnemacher v. State*, 129 Wis. 190, 108 N. W. 627, the legislature has the undoubted power to levy inheritance taxes by the exercise of the power of reasonable regulation and taxation of the transfer of the property. *State v. Pabst*, 139 Wis. 561, 121 N. W. 351; *Estate of Ebeling*, 169 Wis. 432, 172 N. W. 734.

In addition to the foregoing considerations, it is manifest that this insurance fund in the hands of the widow is within the field of inheritance taxation even if it were considered that the husband's interests had been transferred to his

widow before his death under the terms of the insurance contract. Such a transaction would, in substance, be a transfer of his property to her and constitutes in legal effect a transfer of the same kind as is accomplished by a gift. It must be borne in mind that the statute provides: "Insurance payable upon the *death* of any person shall be deemed a part of his estate for the purpose of the tax." Here we have a plain declaration that such a transfer which was intended to take effect in possession or enjoyment when the husband died shall be subjected to the tax, upon the ground that the widow in fact came into possession and enjoyment of this property from him at his death. As stated in the *Ebeling Case*, "Whether these gifts, therefore, be held to be gifts in contemplation of death or gifts *inter vivos,* they are not beyond the power of the legislature to tax." As above indicated, the result of buying these policies by the husband is that he in a proper and legal sense transferred to his widow a substantial part of his estate, and that such transfer became consummated in possession and enjoyment at the time of his death and hence is one which the legislature had the power to tax.

These considerations place the statute beyond the objections and claims of the respondents to the effect that the life insurance received by the widow can in no sense be considered estate in which the husband had no interest; that there is no succession to or transfer of the property within the field of inheritance taxation; or that the property is not taxable because the widow's rights became fixed and vested before the passage of ch. 253, Laws 1915, and that the act violates the Fourteenth amendment to the federal constitution by denying to the widow the equal protection of the law or depriving her of her property without due process of law.

It is contended that there is no direct evidence to show that the husband paid the premiums on the policies in ques-

tion. We think the lack of direct evidence on the subject necessarily leads to the presumption that he complied with the terms of the policy and paid the premiums. In the light of the foregoing considerations it follows that the county court erred in not taxing the proceeds of these policies as prescribed by sub. (7), sec. 1087—1, Stats.

*By the Court.*—The order appealed from is reversed, and the cause remanded to the county court of Milwaukee county with direction to enter an order directing that the insurance fund in question be subjected to the inheritance tax under the law in accordance with this opinion.

The following opinion was filed October 3, 1921:

ESCHWEILER, J. (*dissenting*). As to the insurance policies taken out prior to the passage of the amendment to the inheritance tax law under consideration in this case and which insurance policies became payable to the wife beyond any possibility of control by the husband, she surviving, I think they became her property as to him, and she thereby then acquired such a vested interest in those policies as to place it beyond the power of the legislature, by merely declaring it to be something which it is not, to make it subject to the inheritance tax.