assessed a transfer tax upon the estate of Andrew Carnegie, deceased. The appeal of the state tax commission was based upon three grounds: The exclusion by the courts below from the taxable estate of certain interest in a trust fund created by the decedent by deed *inter vivos*, the trust being known as the pension trust. The method approved by the courts below for computing the legacies to charitable corporations, and the exclusion by the courts below from the taxable property of certain real estate owned by the decedent and his wife as tenants by the entirety. The appeal of the executor and Louise W. Carnegie was based upon the refusal of the courts below to deduct the federal estate tax paid by the executor.

*John B. Gleason* and *Lafayette B. Gleason* for State Tax Commission, appellant and respondent.

*Elihu Root, Jr., Robert P. Patterson* and *Wilkie Bushby* for executor et al., respondents and appellants.

Order affirmed, without costs; no opinion.

Concur: HISCOCK, Ch. J., HOGAN, POUND, CRANE and ANDREWS, JJ. Dissenting: CARDOZO and McLAUGHLIN, JJ., from so much of order as denies deduction of federal tax before imposition of state tax.

---

In the Matter of the Transfer Tax upon the Estate of LENA McMULLEN, Deceased.

STATE TAX COMMISSION, Appellant; BANKERS TRUST COMPANY et al., as Executors, Respondents.

*Transfer tax — stock of foreign corporation owning real property within this state belonging to resident of foreign state but physically within this state at death of owner — no transfer of property within this state.*

*Matter of McMullen*, 199 App. Div. 393, affirmed.

(Argued April 17, 1923; decided May 1, 1923.)

APPEAL from an order of the Appellate Division of the Supreme Court in the first judicial department, entered January 13, 1922, which reversed an order of the New York County Surrogate's Court assessing a transfer tax upon the estate of Lena McMullen, deceased. Decedent died a resident of the state of Connecticut, leaving a will

probated in that state. At the time of her death she was the owner of 500 shares of the preferred stock of the Atlantic, Gulf and Pacific Company, a corporation organized under the laws of West Virginia which was engaged in the business of dredging, and owned real property within this state. The 500 shares were actually physically within the state of New York when the decedent died. The right to impose the tax in question is asserted under section 220 of the Transfer Tax Law, as amended by section 1, chapter 626 of the Laws of 1919.

*Schuyler C. Carlton* for appellant.

*Joseph F. McCloy, Thomas A. S. Beattie* and *James J. McDermott* for respondents.

Order affirmed, with costs, on ground that there was no transfer of property within this state; no opinion.

Concur: HISCOCK, Ch. J., HOGAN, CARDOZO, POUND, McLAUGHLIN, CRANE and ANDREWS, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
*v.* ROSARIO TARANTOLO, Appellant.

*Appeal — motion to dismiss for failure to file return.*

Reported below, 202 App. Div. 707.

(Submitted April 30,.1923; decided May 1, 1923.)

MOTION to dismiss an appeal from a judgment of the Appellate Division of the Supreme Court in the second judicial department, entered June 9, 1922, which affirmed a judgment of the Court of Special Sessions of the city of New York convicting the defendant of having in his possession a pistol without a license therefor.

The motion was made upon the ground of failure to file return.

*Charles J. Dodd, District Attorney,* for motion.

*Edward J. Reilly* opposed.

Motion granted unless return is filed and cases served on or before May 5, 1923, in which case motion is denied and case set down peremptorily for argument May 10, 1923.