In the Matter of the Estate of JOHN E. WILSON, Deceased.

Surrogate's Court, New York County, December 7, 1931.

*Roosevelt & O'Connor* [*John C. Farber* and *William F. Snyder* of counsel], for the administrator c. t. a.

*Edgar Hirschberg,* for the State Tax Commission.

FOLEY, S. The ground of appeal is that the appraiser erroneously included as taxable property the present value of a joint and survivor annuity insurance policy as of the date of death of the decedent. The latter died a resident of the county of New York on December 19, 1929. On January 20, 1928, he and his wife entered into the insurance contract, referred to, with the New York Life Insurance Company. By the terms of the policy, upon the payment of the single premium of $50,000, the company agreed to pay the annuitants jointly during their lives the sum of $4,108 yearly. After the first death, that sum was to be paid to the survivor. The policy was irrevocable and could not in any way be altered or amended by either or both of the annuuitants. The wife survived the decedent. The amount of the transfer attempted to be taxed is $15,219. It has been computed as of the date of decedent's death upon an annuity of $2,054, based upon the expectancy of the life of the widow. The latter sum represents one-half of the total annuity and the State Tax Commission contends that this additional benefit passed to the widow as a taxable transfer upon the death of her husband. It is also contended that subdivision 5 of section 220 of the Tax Law (as amd. by Laws of 1929, chap. 383) subjects the transfer to a tax. That section, in general, provides for the taxing of the transfer of property held in the joint names of two or more persons as against the survivor. Where there are two joint tenants, the tax is assessed against the transfer of one-half of the fund or one-half of the value of the property. The appeal is sustained. Two grounds support this conclusion:

(1) The first is urged by counsel for the estate. It is contended that the contract was absolute at the time when it was made, that the rights of the parties were fixed as between themselves and the company, and that the annuities were based upon the expectancy of their joint lives. It is argued that the contract was irrevocable and not subject to modification in any way. It is also urged that the premium was contributed by both husband and wife and that the policy represented a valid and complete contract as between

them based upon a valuable consideration, which could not be affected as against the survivor by the prior death of the other party. In support of their contentions counsel for the estate rely upon *Matter of Schmoll* (191 App. Div. 435; affd., 230 N. Y. 559). In that case the decedent died a resident of New York. An antenuptial agreement had been entered into between the decedent and his prospective wife. Subsequently the marriage was performed. The agreement was executed in accordance with the law of Switzerland which prohibited its subsequent alteration or cancellation. Two-thirds of the husband's property after his death went to the widow under the agreement, and one-third to the children. It was held that these acquired interests vested under the contract and were not transfers subject to taxation. The agreement was neither donative nor testamentary in character. It was based upon a valuable consideration. (See, also, *Matter of Vanderbilt*, 184 App. Div. 661; affd., 226 N. Y. 638.) It would appear that the rights under the policy in the pending estate were not " property * * * held in the joint names of two or more persons " within the meaning of those words as used in subdivision 5 of section 220 of the Tax Law, which was subject to any transfer or succession on the death of the first party.

(2) I prefer to base my conclusion, however, on a more fundamental ground. As a matter of public policy the Legislature, up to the time of the death of the decedent here, had never attempted to subject to a transfer or estate tax the proceeds of life insurance payable to designated beneficiaries. Where the proceeds of the life insurance policy are made payable to the assured, or to his estate, upon his death, they become part of the estate and are taxable. (*Matter of Knoedler*, 140 N. Y. 377; *Matter of Reed*, 243 id. 199.) But where the policy is payable to some specific beneficiary, its proceeds never come into the estate and are not taxable under the Tax Law. (*Matter of Parsons*, 117 App. Div. 321; *Matter of Voorhees*, 200 id. 259.)

Surrogate Wingate in *Matter of Haedrich* (134 Misc. 741) comprehensively reviewed the policy of the Legislature and the decisions of the courts with respect to the taxation of life insurance. In the *Haedrich* case, as in *Matter of Voorhees* (*supra*), the policies were assigned to a trustee and the rights of the life tenant with respect to the proceeds of the insurance came into existence at the death of the settlor. In each case the new interest arising at death was determined to be free from tax. In so far as this legislative policy of non-taxation of insurance moneys has been applied in this State, there has been no distinction made between the outright payment of the proceeds to a designated beneficiary at the death of

the insured, and an annuity or trust income to a designated person which has come into existence at that time. The general policy of exemption applies with equal force to a joint annuity, as here, created in the lifetime of both parties which may be affected by the death of one. In each case the right of the specific beneficiary or life tenant or survivor to receive the amount arises out of the contract of insurance. It is not deemed to be property passing as part of the estate, nor is it to be considered as a taxable interest or transfer taking effect in possession or enjoyment upon death, within the meaning of the Tax Law. The pertinent rule of statutory construction is that if there be " a doubt upon the question it should be resolved in favor of the taxpayer as represented by the executors and against the taxing power." (*Matter of McMullen*, 199 App. Div. 393; affd., 236 N. Y. 518, citing *Matter of Fayerweather*, 143 id. 114, 119.) Certainty as to the rights of the widow, rather than doubt, exists in the present case. In the absence of any specific statutory requirement for an assessment, her interest should be exempted from taxation.

While it has no effect upon the present controversy, because of the fact that the death of this decedent occurred in the year 1929, it should be noted that the Legislature has recently changed the rule with respect to the taxability of life insurance policies to designated beneficiaries by chapter 710 of the Laws of 1930 (in effect September 1, 1930).* That statute abolished the transfer tax with its complications and difficulties and substituted a simpler method of taxation in the form of an estate tax. Its provisions were, in general, harmonized with those of the Federal statute dealing with the assessment of the inheritance tax. Accordingly, under section 249-r of our new Estate Tax Law taxation of insurance proceeds by our State is provided where a Federal tax would be imposed. The note to that section, which was contained in the bill as passed, emphasizes the attitude of the Legislature, referred to above, for it states that the new provision " is intended to carry out the policy of New York state not to tax insurance payable to specified beneficiaries. It only imposes a tax on such insurance in cases where the same is taxed under the federal estate tax act and where, of course, the tax would be payable to the federal government if New York did not take it." (Consolidated Reports of the Decedent Estate Commission [1930; No. 69], p. 206.)

Submit order on notice sustaining the appeal.

---

* Adding article 10-C to Tax Law.