ESTATE OF THOMAS: STATE, Appellant, vs. THOMAS and another, Executrices, Respondents.

*June 6—June 26, 1957.*

For the appellant there was a brief by the *Attorney General* and *Harold H. Persons,* assistant attorney general, attorneys, and *Richard E. Williams,* inheritance tax counsel, of counsel, and oral argument by *Mr. Persons.*

For the respondents there was a brief by *Thomas, Orr, Isaksen & Werner* of Madison, and oral argument by *San W. Orr.*

Brown, J. The respondents contended and the county court determined that the allowance of trustees' fees as a deductible item was required by sec. 72.10, Stats. 1953. This reads:

"If a testator bequeaths property to one or more executors or trustees in lieu of their commissions or allowances, or makes them his legatees to an amount exceeding the commissions or allowances prescribed by law for an executor or trustee, the excess in value of the property so bequeathed, above the amount of commissions or allowances prescribed by law in similar cases, shall be taxable by sections 72.01 to 72.24, inclusive."

Respondents point out that this statute which our legislature enacted in 1903 was already in force in New York as sec. 227 of the Tax Law and had been construed there in favor of the deductibility of trustees' fees in *Matter of Gihon* (1902), 169 N. Y. 443, 62 N. E. 561. They also remind us of the undoubted rule of statutory construction that,

where a statute has received a judicial construction in another state and is then adopted, it is presumed to be taken with the construction which has been so given to it. *Estate of Sweet* (1955), 270 Wis. 256, 70 N. W. (2d) 645. Besides this, there are other pertinent principles, to wit: That tax exemptions and deductions are matters of legislative grace; that taxation is the rule and exemption the exception; and that one claiming an exemption or deduction must bring himself clearly within the statutory provision granting it. *Comet Co. v. Department of Taxation* (1943), 243 Wis. 117, 123, 9 N. W. (2d) 620.

The question, as we see it, depends upon the scope of the New York statute and its construction in *Matter of Gihon, supra.* There the court said (p. 446):

"By this will one half of the residuary estate is left in trust, the income to go to the testator's daughter during life, and upon her death the principal to her issue, or, in default of issue, over. The surrogate deducted the commissions of the trustees from the amount of the estate. There is a distinction that may be made between the commissions of executors or administrators whose appointment is an absolute essential to the lawful liquidation of an estate and those of trustees who are appointed solely for the protection of the property of the beneficiary, and it may be urged that such latter commissions should be considered as an expenditure for his benefit. Whatever force there may be in this view, we think the deduction of the trustees' commissions is justified and required by section 227 of the Tax Law itself, which prescribes that any legacy or devise to trustees in excess of their commissions allowed by law shall be taxable, thus necessarily implying that legal commissions shall be exempt."

Neither now nor in the *Gihon Case* were there any bequests to the trustees in lieu of compensation.

The decision and opinion of the New York court of appeals necessarily dealt with the statutes of that state and must be read not as a universal statement of law but as one applica-

ble to the facts then before the court. Incidentally, in the last sentence of the quotation from the *Gihon* opinion, *supra,* the court uses the terms "allowed by law" and "legal commissions." Immediately before this the court makes it plain that it is referring to the provisions of the statute. The language of the opinion, then, must be understood in the sense of the statutory words "prescribed by law" since the court had no authority to vary or alter them. Used in this connection "allowed by law" and "legal commissions" have the meaning of "prescribed by law."

We observe that both our sec. 72.10, Stats., and the parent New York statute make taxable the commissions or allowances in excess of those prescribed by law. The court in *Gihon* logically interpreted this as exempting those commissions and allowances which were not in excess of those prescribed by law. We observe, further, that by New York statute the commissions and allowances of trustees, as well as executors, were prescribed by law. Secs. 2730 and 2802, N. Y. Stats., Bliss, New York Annotated Code (4th ed.). In the absence of all evidence to the contrary we must assume that those were the commissions and allowances which were under consideration in the *Gihon Case, supra.* Since they were prescribed by law, under the reasoning of the court they were properly deductible.

In sec. 317.08, Stats., Wisconsin prescribes allowances to executors and administrators for services,—$2.50 per day and certain commissions. That is similar to New York's sec. 2730. But whereas New York's sec. 2802 provides that trustees shall have the same compensation as executors, Wisconsin has no similar statute. In the case of a Wisconsin executor it would be easy for us to find his commissions and allowances are *prescribed by law,* and to apply the *Gihon* interpretation. But we are unable to discover any prescription of compensation in the case of a trustee. The quotation from Mr. Orr, above, tells merely what the trustees will

charge. Allowance of the charge is not prescribed but lies in the sound discretion of the court. That, in our view, is a far cry from the prescription of the New York statute or our own prescription of executor's compensation. It is what the traffic will bear and is no prescription at all.

The facts in the *Gihon Case* included a prescribed trustees' fee. The facts here do not. The *Gihon* decision, correct on its own facts, does not import into our statutes a construction respecting facts not before the New York court and not touched by that decision. In the absence of prescription *all* compensation is in excess of that prescribed and therefore taxable.

It may be asked what meaning there is, then, to the language in sec. 72.10, Stats., regarding trustees. Presently there is none; effectively the statute stops with executors. Perhaps when it enacted sec. 72.10 the legislature intended and expected to prescribe compensation for trustees in another section (as it had done for executors), but never got around to it. In the meantime the trustee part of the statute lies dormant, pending legislation which will rouse it to activity, a sort of Sleeping Beauty awaiting a legislative caress.

We conclude that the compensation of trustees, not being prescribed by law, is not deductible in calculating the taxable estate.

*By the Court.*—Orders reversed. Cause remanded, with directions to disallow for tax purposes the estimated trustees' fees.