## Ashley K. Northrup

### *v.*

## Joe M. Phillips *et al.*

*Filed at Mt. Vernon June 21, 1881.*

1. WAREHOUSEMEN—*nature of business.* The business of warehousemen, where they forward goods, etc., ordinarily consists of storing produce for the owners thereof, and of shipping or forwarding the same for the owner. The legitimate income from such business is a compensation for storage, and also the same for shipping or forwarding the produce.

2. CHANCERY—*will not distribute fund illegally acquired.* It being the duty of warehousemen in forwarding or shipping produce, as the agents of the owner, to select those boats or other means by which the greatest dispatch, safety and economy will be secured, if one of the warehousemen, in the discharge of this duty, accept from the boat on which the shipment is made a fee as an inducement to ship on such boat, such fee is, in its nature, a bribe, and well calculated to induce infidelity as agent for the owner, and a fund arising from such a source ought not to be the subject of distribution in a court of equity among the receivers thereof.

3. PARTNERSHIP—*of its extent.* Where a partner in a warehouse business is also the owner and manager of a wharfboat, and as such receives fees from steamboats for shipping produce on such boats in matters not connected with the warehouse business, the other partner in the warehouse business will have no just claim upon the fund arising from such fees.

4. INSURANCE—*whether joint or several.* Where a policy declares that the company insures A & B in a certain sum, with the words in parenthesis: "(A's interest is an undivided two-thirds, B's an undivided one-third,)" the contract will be held as made jointly on behalf of A & B, and not severally with each. The words in parenthesis will be regarded as a declaration to the company of the supposed ownership of the property. So, if A receives two-thirds of the insurance money on a loss, he will be required to account to B for one-third of the same.

5. COSTS—*in Supreme Court.* Where the appellee has been sustained as to the principal matter involved in the controversy, but the cause is reversed and remanded on some point of minor importance, each party will be left to pay his own costs in this court.

WRIT OF ERROR to the Appellate Court for the Fourth District;—heard in that court on appeal from the Circuit Court of Alexander county; the Hon. DAVID J. BAKER, Judge, presiding.

Northrup & Arrick were the owners of a warehouse in Cairo, Illinois. Northrup lived at St. Louis, Missouri. The warehouse was upon ground not owned by them, but entered upon by them under a lease, which had expired. Phillips lived in Cairo, and was the owner of a wharfboat, and was then in the employment of the officers or managers of several steamboats and barges, as a special kind of agent. He collected their charges for freights and solicited freight for them, and was in the habit of receiving from them, as compensation, a certain amount per ton for all freights so procured and shipped upon such steamers. These were called "tonnage dues," or "tonnage fees."

On October 25, 1871, Phillips bought one-third interest in the warehouse, and a lease was made of the ground, by the owner, to Northrup, Arrick & Phillips on that day, for seven years. On that day a contract in writing was signed by Phil-

lips and Northrup, by which Phillips agreed to furnish all the capital and money to carry on the storage and forwarding business through that warehouse, and charge no interest upon such advance; that the warehouse expenses were to be lease of lot, and taxes, and necessary repairs and labor at the warehouse. Phillips further agreed with Northrup to give Northrup one-third of all the net proceeds to be earned by the occupancy and carrying on the forwarding business through that warehouse. He further agreed that monthly statements of all the business done under this agreement should be furnished to Northrup, and that monthly payments should be made to Northrup " for his share of net proceeds." And it was added, " all expenses and profits shall be divided by three—one-third to each owner—share and share alike."

From the making of that contract Phillips carried on in his own name the business of storage and forwarding through that warehouse, rendering monthly statements to Northrup of expenses and receipts, and when the receipts exceeded the expenses, remitted one-third of the excess to Northrup. Meanwhile Arrick became indebted to Phillips, and one-third of such excess was credited to Arrick's account with Phillips. This course of business, so far as concerns Northrup, continued until May 30, 1876. On that day the warehouse was destroyed by fire.

In May, 1875, Phillips, claiming to have purchased the one-third interest of Arrick in the warehouse, filed a bill against Northrup, asking for partition. This bill was answered by Northrup, and he filed a cross-bill, claiming that the " tonnage dues," or " tonnage fees," received by Phillips, constituted a part of the " storage and forwarding business done through this warehouse," and that he was entitled to one-third thereof under the contract, and asking for an account of the same. This was denied by Phillips.

The property was insured for $5000 by Phillips, in October, 1875. The policy declares that the companies each " insure Jos. M. Phillips and Ashley K. Northrup, (Phillips'

interest is an undivided two-thirds, Northrup's an undivided one-third,) against loss," etc.   After the property was destroyed by fire, Phillips received two-thirds of the insurance money from the insurance companies, and gave a receipt for the same, declaring such payment to be in full " of his claim," and declaring the policies discharged and cancelled to the extent of two-thirds thereof, leaving the interest of Northrup still unsettled by said payment and receipt.   By a supplement to his cross-bill, Northrup claimed, also, one-third of the insurance money received by Phillips.

The cause was decided in the circuit court in January, 1880.   The warehouse being burned, and the lease having expired, the court found nothing to partition, and so dismissed Phillips' original bill.   As to Northrup's claim of a share in the "tonnage dues," or "tonnage fees," that court held that they constituted no part of the business embraced in the contract between Phillips and Northrup, and that Northrup had, as yet at least, no right to demand any share in the money received by Phillips for insurance, and so dismissed Northrup's cross-bill.   This decree was affirmed by the Appellate Court, and that decision is brought here by Northrup for review.

Messrs. LINEGAR & LANSDEN, for the appellant:

The storage and forwarding business embraces two different and separate branches,—those engaged in the former being known as warehousemen, while those who receive goods under a contract to have them shipped or forwarded, are denominated forwarding merchants.   They are uniformly classed together, their liability being the same.

Phillips retained all the tonnage fees received for freights shipped from the warehouse.   That Northrup, Arrick & Phillips were partners in the storage and forwarding business, see *Robbins* v. *Laswell*, 27 Ill. 365; *Evans* v. *Hanson*, 42 id. 234; *Wood* v. *Beath*, 23 Wis. 254; *Dalton City* v.

*Dalton Manufacturing Co.* 33 Ga. 243 ; Collyer on Part. secs. 19, 20, 25, 30, 35, 182, 183 and 186, and notes.

At the time the contract was made, Phillips was in the wharfboat business, which was simply the warehouse business. Edw. on Bailments, 293.

Is Phillips liable to Northrup for or on account of the insurance money collected by him? The words in parenthesis, "(Phillips' interest is an undivided two-thirds, Northrup's an undivided one-third,)" were put in to show the extent of each one's interest. It was a joint policy, given to them jointly, and not severally, and the insurance was upon the whole building. Neither Phillips nor Northrup could maintain a separate suit upon the policy.

Messrs. GREEN & GILBERT, and Mr. SAMUEL P. WHEELER, for the appellees, after a statement of the facts and examination of the testimony, made the following among other legal points:

A partnership was not established by said written agreement, either standing alone or when interpreted by the light of the testimony. *Niehoff et al.* v. *Dudley et al.* 40 Ill. 406 ; *Parker* v. *Fergus,* 43 id. 437 ; *Burton et al.* v. *Goodspeed et al.* 69 id. 237 ; *Smith* v. *Knight et al.* 71 id. 148 ; *Lycoming Insurance Co.* v. *Barringer,* 73 id. 230 ; *Gregory* v. *Martin,* 78 id. 38 ; *Muzzy* v. *Whitney,* 10 Johns. 226 ; *Hazzard* v. *Hazzard,* 1 Story, 371 ; *Rawlinson* v. *Clarke,* 15 M. & W. 292; Story on Part. secs. 2, 21; Parsons on Part. ch. 2, secs. 1, 2, and ch. 5, p. 58, note d.

The insurance policy was not a joint contract for the insurance of joint property. The insured were tenants in common, each owning a several, distinct interest, which was specified in the policy itself. Where a deed discloses an interest in the covenantees which is clearly several, a covenant which is joint in form may be sued upon by one covenantee alone. Rawle on Cov. 596, 598, 599; *James* v. *Emery,* 8 Taunt. 245; *Withers* v. *Bircham,* 3 Barn. & Cress.

254; *Story* v. *Richardson,* 6 Bingh. (N. C.) 129; *Harold* v. *Whittaker,* 11 Q. B. 161; *Sharp* v. *Conklin,* 16 Vt. 354.

Contracts will be construed joint or several, as the case may be, where the. interest of the parties appears on the faith of the obligations, and that construction will be adopted which is most consistent with the words employed to express the undertaking of the several parties. *Combs* v. *Steele et al.* 80 Ill. 103; *Robertson* v. *March,* 3 Scam. 198; *St. Louis, Alton and Rock Island. Railroad Co.* v. *Coultas,* 33 Ill. 188.

Mr. JUSTICE DICKEY delivered the opinion of the Court:

As to the claim of Northrup to a share of the " tonnage dues," we think the decision of the circuit court was clearly right. The business of warehousemen, where they do a forwarding business, ordinarily consists of storing produce for the owner thereof, and of shipping or forwarding the same for the owner. The legitimate income from such business consists in a compensation for storage, and a compensation from the owner for shipping or forwarding the same for him. In the shipping and forwarding it is the duty of the warehouseman, as the agent of the owner, to select the mode of shipping most advantageous to the owner,—to select those boats by which the produce can be carried with the greatest dispatch, safety and economy. Should a warehouseman, in the discharge of this latter duty, accept from the boat on which such produce is shipped a fee, as an inducement to ship on that boat, such fee is, in its nature, necessarily a bribe, well calculated to induce infidelity on his part in his capacity of agent for the owner of the produce. " No man can serve two masters." Matthew, vi. 24. A fund arising from such a source ought not to be the subject of distribution in a court of equity among the receivers thereof. If, therefore, any part of the " tonnage fees " in question were received in any such connection with the storage and forwarding business done through this warehouse, a court of chancery ought not

to meddle with a fund thus tainted.    On the other hand, if in fact, (as we think is the fair inference from the proofs) these tonnage fees were not, in the manner suggested, connected with the warehouse business, but were, in fact, a part of a separate business connected with and growing out of Phillips' business as owner and manager of a wharfboat, Northrup has no just claim upon the fund.

We forbear the further discussion of the propriety of such a business being carried on at the same place and time by a man who is conducting a storage and forwarding business for the public.    No one can complain of that except the owners of produce passing through the warehouse.    There is nothing in this record indicating that the legitimate profits arising from the warehouse business were in any degree impaired by reason of the agency of Phillips in behalf of the boats. Northrup has no just ground of complaint in this regard.

As to the insurance, we regard the contract as made jointly, in behalf of Phillips and Northrup.    The words in parenthesis, "(Phillips' interest is an undivided two-thirds, Northrup's an undivided one-third,)" we regard as a declaration to the insurance companies of the supposed ownership of the property.    The insurance companies contracted with both of them, and not with each of them.    It follows that Northrup was entitled to one-third of the money so collected by Phillips. The decree should have awarded this to him.

The decree must be reversed, and the cause remanded for further proceedings.    The appellees being sustained as to the principal matter in this controversy, each party is left to pay his own costs in this court.

*Decree reversed.*

Mr. JUSTICE MULKEY took no part in the decision of this case.