FARR and husband, Appellants, vs. THE TRUSTEES OF THE GRAND LODGE OF THE ANCIENT ORDER OF UNITED WORKMEN OF THE STATE OF WISCONSIN and another, Respondents.

*October 29 — November 15, 1892.*

*Life insurance: Joint tenancy.*

A mutual benefit insurance certificate in which the wife and daughter of the insured are named as beneficiaries creates in them a joint tenancy with right of survivorship.

APPEAL from the Circuit Court for *Eau Claire* County. The facts are stated in the opinion.

For the appellants there was a brief by *Wickham & Farr,* and oral argument by *James Wickham.* They argued, among other things, that the death of Ida B. Peck revoked her appointment as a beneficiary, and, no other direction being made, the laws of the society control the disposition of the funds. *Given v. Wis. O. F. M. L. Ins. Co.* 71 Wis. 547; *Riley v. Riley,* 75 id. 464. *Mrs. Farr* is entitled to the full amount named in the certificate: first, by virtue of the direction in the certificate, and, second, by virtue of the laws of the society. If both beneficiaries had survived the insured, both would have been, as against the defendant, entitled to the whole amount; but death having revoked the appointment of one, her name became eliminated from the certificate, which now reads that $2,000 "shall at his death be paid to his daughter, *May,*" she being the only person competent to receive it who has been selected by the insured. *Northrup v. Phillips,* 99 Ill. 449. One who is entitled to recover at all must be entitled to recover the whole amount. *Hartford F. Ins. Co. v. Davenport,* 37 Mich. 609. As a surviving joint obligee, *Mrs. Farr* is entitled to recover the whole amount. 1 Parsons, Cont. 31. In case of death of one joint beneficiary, the survivor

is entitled to recover the whole amount. *Brooklyn M. R. Asso. v. Hanson*, 6 N. Y. Supp. 161; *Robinson v. Duvall*, 79 Ky. 83; *Day v. Case*, 43 Hun, 179; *Davis v. Wannamaker*, 2 Col. 637; *Covenant M. B. Asso. v. Hoffman*, 110 Ill. 603; Bacon, Ben. Ins. sec. 264. The law is analogous to the law relating to legacies and devises, where on the death of a joint legatee or devisee the survivor is entitled to the whole amount. 2 Redf. Wills, 175; *Doe v. Sheffield*, 13 East, 526; *Downing v. Marshall*, 23 N. Y. 366; *Ball v. Deas*, 49 Am. Dec. 651; *S. C.* 2 Strob. Eq. (S. C.), 24.

*Mrs. Farr* is entitled to recover the fund in question under the constitution of the society, which provides that in case one beneficiary shall die during the life time of the member, the survivor shall be entitled to the fund. This provision applies to this case, although Ida B. Peck died before it was passed. Such rules and regulations should be liberally construed to effect the benevolent purposes of the order. *Ballou v. Gile*, 50 Wis. 614–618; *Riley v. Riley*, 75 id. 464–466. The word "shall" applies to past as well as future occurrences, where the remedy designed by the statute is thereby promoted. Endlich, Interp. Stat. sec. 112; *Beard v. Rowan*, 1 McLean, 135; *Plum v. Fond du Lac*, 51 Wis. 393–396. The constitution provided that it might be amended, and the agreement of the insured was that he should be bound by all laws "which are or may be enacted." He was bound to take notice of all laws of the society affecting his rights or interest. Cooke, L. Ins. sec. 20; Bacon, Ben. Soc. sec. 81; *Supreme Lodge K. of P. v. Knight*, 117 Ind. 489–495. The constitution as amended, therefore, properly governed this contract. *Supreme Comm. K. G. R. v. Ainsworth*, 71 Ala. 436; *Stohr v. San Francisco M. F. Soc.* 82 Cal. 557; *Figure v. Mut. Soc.* 46 Vt. 362; *St. Patrick's M. B. Soc. v. McVey*, 92 Pa. St. 510; *Poultney v. Bachman*, 31 Hun, 49; *McCabe v. Father M. Soc.* 24 id. 149; *Sanger v. Rothschild*, 123 N. Y. 577; *Durian v. Cent. Verein*,

7 Daly, 168; *Comm. v. Union League*, 135 Pa. St. 301; *Georgia M. M. L. Ins. Co. v. Gibson*, 52 Ga. 640; *May v. N. Y. S. R. F. Soc.* 14 Daly, 389; *Allen v. Life Asso. of Am.* 8 Mo. App. 52; Cooke, L. Ins. sec. 20; Bacon, Ben. Soc. sec. 92; *Catholic Knights v. Kuhn*, 18 S. W. Rep. (Tenn.), 385. The power to alter or amend the constitution being reserved, its exercise cannot be said to impair the obligations of a contract. *Supreme Comm. K. G. R. v. Ainsworth*, 71 Ala. 436; Cooley, Const. Lim. 340; Ang. & A. Corp. sec. 767; 4 Am. & Eng. Ency. of Law, 211. No vested or property right exists either in the insured, who has only the power of appointment, or in the beneficiary, who holds the mere expectancy. *Hellenberg v. I. O. B. B.* 94 N. Y. 589; *Swift v. Ben. Asso.* 96 Ill. 309; *Masonic M. B. Soc. v. Burkhart*, 110 Ind. 189. Where members are given an opportunity to avail themselves of a change, no actionable wrong is done. *Supreme Lodge K. of P. v. Knight*, 117 Ind. 489. In this case the insured, by failing to appoint a new beneficiary, signified his satisfaction with this law of the society. *Riley v. Riley*, 75 Wis. 464–467.

*John A. Daniels*, for the respondents, contended, *inter alia*, that in this country the title by joint tenancy is very much reduced in extent, and the extent of survivorship is still more extensively destroyed except where it is proper and necessary, as in the case of titles held by trustees. 4 Kent, Comm. (12th ed.), 361. Survivorship on the principle of joint tenancy is contrary to the genius of our institutions and was in effect abrogated by the course of descents prescribed by the Ordinance of 1787 and by our subsequent laws. *Sergeant v. Steinberger*, 2 Ohio, 423. The beneficiary has no vested interest in a certificate like this until the death of the insured. The insured may change his designation of the beneficiary at will and against his or her consent. *Sabin v. Grand Lodge A. O. U. W.* 18 N. Y. Supp. 185; *Richmond v. Johnson*, 28 Minn. 447; *Clark v.*

Farr and husband vs. Trustees of Grand Lodge A. O. U. W. and another.

*Durand*, 12 Wis. 223; *Foster v. Gile*, 50 id. 603. If Ida B. Peck, being a sole beneficiary and dying before her husband, did not have such an interest in the certificate as would go to her administrator, how could she, under the same conditions, being a beneficiary joined with another, have such an interest as would go to her co-beneficiary? Unless the policy points out to whom the insurance money shall be paid in case the beneficiary dies before the insured, the appointment of the beneficiary is revoked by his death. *Given v. Wis. O. F. M. L. Ins. Co.* 71 Wis. 550; *Riley v. Riley*, 75 id. 464; *Arthur v. Odd Fellows' B. Asso.* 29 Ohio St. 557. There was no direction in the constitution or by-laws under which this certificate was issued as to how or in what manner the fund shall be distributed in case the direction made by the insured shall have been for any cause revoked. After the death of Ida B. Peck, therefore, the $1,000 in dispute reverted back to Mr. Peck, freed from any beneficial appointment, and at his death became a part of his estate and should go to the administrator.

The revision of the constitution made ten years after the certificate issued, cannot control the disposition of the fund. *Morrison v. Wis. O. F. M. L. Ins. Co.* 59 Wis. 165. A corporation has not capacity by laws of its own enactment to disturb or divest rights which it has created, or to impair the obligation of its contracts, or to change its responsibilities to its members, or to draw them into new and distinct relations. Ang. & A. Corp. sec. 399; Bliss, Life Ins. sec. 463; *Becker v. Farm Mut. Ins. Co.* 48 Mich. 610; *Hamilton Mut. Ins. Co. v. Hobart*, 2 Gray, 543; *Great Falls Mut. F. Ins. Co. v. Harvey*, 45 N. H. 292; Cook, Stock, sec. 501; *Close v. Glenwood Cem. Co.* 107 U. S. 466; *Mills v. Central R. Co.* 41 N. J. Eq. 5; *Ashton v. Burbank*, 2 Dillon, 435. The certificate in legal contemplation is an insurance policy, and in most respects is governed by general rules of law which apply to insurance contracts. *Bauer*

*v. Sampson Lodge*, 102 Ind. 262; *State ex rel. Graham v. Miller*, 66 Iowa, 33. If the prevalent purpose and nature of an association be that of insurance, the benevolent or charitable results to its members will not change its legal character. *Bolton v. Bolton*, 73 Me. 303; *State ex rel. v. Banker's & M. M. B. A.* 23 Kan. 499; *Folmer's Appeal*, 87 Pa. St. 133; *Ill. M. B. Soc. v. Winthrop*, 85 Ill. 537. The new beneficiary article must be understood with the proviso or exception which applies to all legislation alike, that laws cannot be retroactive or be so construed as to cut off rights already fixed. Bacon, Ben. Soc. sec. 185. And this too, even though the by-laws provide for an amendment. *Kent v. Quicksilver M. Co.* 78 N. Y. 159; *Bauer v. Sampson Lodge*, 102 Ind. 262; *Gundlach v. Germania M. Asso.* 4 Hun, 339; *Pellazzino v. German Cath. Soc.* 16 Weekly L. Bul. 27.

ORTON, J. On the 28th day of March, 1879, A. C. Peck became a member of the subordinate Banner Lodge No. 17, at the city of Eau Claire, by virtue of a certificate of insurance duly issued by the *Grand Lodge of the Ancient Order of United Workmen of the State of Wisconsin* to the said A. C. Peck, by which said grand lodge promised and agreed, for a valuable consideration, to pay at the death of said A. C. Peck, according to the laws of the order, the sum of $2,000 to Ida B. Peck, the wife, and to *Anna May Peck*, the daughter, of said A. C. Peck (since intermarried with the coplaintiff *J. F. Farr*). On or about the 8th day of March, 1881, the said Ida B. Peck died. After her death the said A. C. Peck intermarried with the defendant *Mary E. Peck*, by whom he had one child, now living; and on the 1st day of March, 1891, the said A. C. Peck died. The defendant the grand lodge paid to the plaintiff *Anna May Farr* one half of said $2,000 on her giving bond, but refused, on demand, to pay her the other half of it; and

she now demands the $2,000 by right of survivorship, on the death of her mother, as a joint tenant or joint beneficiary of the insurance. This being the controlling question in the case, no other need be considered.

It will be observed that the whole insurance of $2,000 is made payable to both Ida B. and *Anna May Peck* as an entirety. Since the death of Ida B., the grand lodge has so changed and amended its constitution and laws that the whole insurance in such a case shall go and be paid to the surviving beneficiary. It is claimed by the learned counsel of the appellants that such amendment has the legal effect to control the direction of this insurance. Although it is not necessary to consider that question, it may be said that the grand lodge has at least approved in this way the policy of such a principle of law. The learned circuit court, after finding the facts, found as a conclusion of law that upon the death of Ida B. Peck before the death of the insured the appointment of her as a beneficiary became and was revoked, and the interest in the fund she would have been entitled to receive if she had survived the insured lapsed and reverted to the estate of A. C. Peck at his death, no other direction having been made by him. Judgment was entered dismissing the plaintiff's action with costs, without prejudice to the right of the administrator of the estate of Alderson C. Peck to recover the amount remaining unpaid of such insurance.

The learned counsel on both sides have presented unusually able briefs on the important questions involved in this case, and the court is greatly aided by their cogent arguments and the authorities cited in deciding the question upon which the case depends. The question whether this benefit insurance is made payable to the wife and daughter as an entirety or in severalty as tenants in common or as joint tenants is somewhat difficult of solution. It must be determined by its analogy to the terms " tenancy in com-

mon" and "joint tenancy" in respect to realty and at common law. They may be said to have the same nature and incidents. There may be joint tenancy of personalties, and, like the properties of a joint estate, they are derived from its unity, which is fourfold,— of interest, title, time, and possession. Each of the joint tenants must have the entire possession as well of every parcel as of the whole. Where a horse is given to two persons, they are joint tenants. *Martin v. Smith*, 5 Bin. 16, 6 Am. Dec. 395. "A joint tenancy is where they have the same interest, arising from the same conveyance, commencing at the same time, and held by one and the same undivided possession. On the death of one, the entire tenancy remains to the surviving cotenants, and not to the heirs of the deceased." 2 Bl. Comm. 180. This insurance, payable to two persons, has all the essential characteristics of a joint tenancy, without any words or reasons appearing to indicate an intention to make it payable in severalty, or to have it go to heirs, or to revert to the assured or to his estate, on the death of one of the beneficiaries. The assured lived about ten years after the death of his wife,— one of the beneficiaries,— and made no change in the direction as to whom the insurance should go to, but in the mean time procured another insurance of $5,000 for the benefit of his second wife, *Mary E. Peck*, his present widow. He must be presumed to have known the law, and that his daughter was entitled to the whole insurance on the death of his wife, and assented to such a construction of the policy. In a majority of the old states the *jus accrescendi* or right of survivorship in such a case has been abolished by statute without any exceptions. Most of the cases at common law relate to estates and devises. The unity of possession is the essential feature, so that, if an estate has been conveyed in parcenary and one of the tenants seeks to destroy the unity by a conveyance of his interest, it is a question whether such a deed is

not a nullity. *White v. Sayre*, 2 Ohio, 302. "Where an estate is given to several persons jointly, without any expressions indicating an intention that it shall be divided among them, it must be construed a joint tenancy." *Martin v. Smith*, 5 Bin. 16. "When by the terms of a will there is an estate in joint tenancy at common law, and one or more of the tenants die in the lifetime of the testator, the principle of the common law applies, and the survivor takes the whole estate." *Ball v. Deas*, 2 Strob. Eq. 24. Such is the law in all cases of devise or bequest. *Downing v. Marshall*, 23 N. Y. 366. This is sufficient to show the strictness of the doctrine at common law, especially as to devises.

This leads us to the consideration of our own statute on the subject of joint tenants. Our statute (sec. 2068, R. S.) provides that "all grants and devises of lands made to two or more persons, except as provided in the following section, shall be construed to create estates in common, and not in joint tenancy, unless expressly declared to be in joint tenancy." The following section is that "the preceding section shall not apply to mortgages, nor to *devises* or grants made in trust, or made to executors or to husband and wife." It will be seen that our statute makes many important exceptions, which save the doctrine of the common law in respect to the subjects named. This shows at least that there is nothing in our principles of government or policies of law opposed to the principle or doctrine of survivorship in joint tenancy in such cases. We are more immediately concerned with joint tenancy in *devises*. On the principle of analogy, if devises to joint tenants with the *jus accrescendi* are lawful, so are legacies of personalties. They are substantially alike, and within the same reason, and they have been decided to be within the doctrine of the common law. *Jackson v. Roberts*, 14

Gray, 546; *Stires v. Van Renssalaer*, 2 Bradf. Sur. 172; 2 Redf. Wills, 175. We may say, therefore, that legacies come within the exceptions of our statute, and that, when made to two joint legatees, without any words to indicate a severance of their interests, if one die, the survivor takes the whole legacy. The analogy between legacies and the benefits secured by a certificate or policy of a benefit insurance company or of a common life insurance company, when the insurance is payable to two or more persons jointly on the death of the assured, is still closer. The assured, like a testator, makes provision in writing for his wife and children, to be enjoyed on his death. He can change the direction of his bounty during his life. So far as the doctrine of joint tenancy and survivorship are concerned, they are strictly within the same reason. And so it has been held in respect to life insurance, if made for the benefit of a wife and children, the last survivor takes the whole. *Robinson v. Duvall*, 79 Ky. 83. And so as to a fire insurance policy made to two persons jointly. *Northrup v. Phillips*, 99 Ill. 449. The same doctrine is held in respect to benefit insurance similar to that of this case. *Day v. Case*, 43 Hun, 179; *Covenant M. B. Asso. v. Hoffman*, 110 Ill. 603. See, also, Bac. Ben. Soc. § 264. And so we conclude that this insurance in joint tenancy with the right of survivorship is within the exception of our own statute, in analogy to devises, and that the doctrine of the common law governs it. This is a new question in this state, but we are satisfied that the application of this doctrine to this case is within reason and the authorities. We are not called upon to vindicate the policy of this doctrine, any more than to vindicate the exceptions of our own statute. This being decisive of the case, no other question will be considered. The question of interest, we think, was properly disposed of by the circuit court. There was no un-

reasonable delay of payment, as found by the court, and there is no fund to meet any such demand. The costs will go with the reversal of the judgment.

*By the Court.*— The judgment of the circuit court is reversed, and the cause is remanded with directions to render judgment in favor of the plaintiffs in accordance with this opinion.