FERRIS-LEE LUMBER COMPANY, a Corporation, *Appellant*, v. B. E. FULGHUM and K. L. FULGHUM, co-partners doing business as Fulghum Construction Company, and J. T. WRIGHT, and LILLY G. WRIGHT, his wife, *Appellees*.

Division A.

Opinion filed July 16, 1929.

*Phil D. Beal* and *John M. Coe*, for Appellant;

*L. L. Fabisinski* and *Forsyth Caro*, for Appellees.

ELLIS, J.—J. T. Wright and Lilly Wright, his wife, were the owners by entirety of a lot in Pensacola. B. E. and K. L. Fulghum were copartners doing business as Fulghum Construction Company. The Wrights employed the Fulghums to build a house on the lot owned by the former. The Ferris-Lee Lumber Company, a corporation, was a dealer in lumber and building materials.

On August 5, 1925, the Ferris-Lee Lumber Company served upon J. T. Wright a cautionary notice in writing that it was furnishing and was about to furnish lumber and materials to the Fulghums to be used in the construction, repair and use of buildings, fences and structures on the lot, giving a description of it. The notice was in compliance with the terms of Section 3518, Rev. Gen. Stats. 1920, Sec. 5381, Comp. Gen. Laws 1927. See Mulliken v. Harrison, 53 Fla. 255, 44 So. R. 426; Reed v. Southern Lumber and Supply Company, 73 Fla. 886, 75 So. R. 29.

The Ferris-Lee Lumber Company, hereafter referred to as complainant, furnished materials to the Fulghums in the construction of the house to the value of $2,586.66 of which $1,699.20 was paid, leaving a balance due of $889.46, the complainant having applied the payments upon the items first appearing in the account. Complainant brought its bill against the Wrights and the Fulghums to enforce the lien claimed against the property and to declare a personal liability for the amounts due against all the defendants. The bill alleged that the Wrights had become indebted to Fulghum Construction Company since the service of the cautionary notice in an amount sufficient to pay the complainant's claim; that the complainant had furnished the materials set forth in the exhibit, which was made a part of the bill, and had also filed and caused to be recorded a lien upon the property. The bill required the Wrights to answer certain interrogatories: first, what sum

of money had become due to the Fulghums since August 5, 1926; second, what sums of money had been paid to them since that date and, third, what sums of money were due to the Fulghums. Subpoena was issued and service of it made upon the defendants and in February, 1927, the Wrights filed ''exceptions for impertinence'' to the bill of complaint.

Exceptions to a bill for impertience are to be taken in the same manner as exceptions to an answer for insufficiency and must be made before putting in an answer. Puterbaugh's Chancery Pleading and Practice, (5 Ed.) 81.

The first exception attacked the allegation as to the service by complainant upon the Wrights of the cautionary notice. All of paragraph three of the bill which alleged that since the delivery of the cautionary notice to the Wrights they had become indebted to the Fulghum Construction Company in a sum greatly in excess of the value of the lumber furnished by the complainant was attacked by the second exception. The third attacked that part of paragraph five of the bill which alleged that the complainant had placed the account in the hands of solicitors and was entitled to an allowance for solicitors' fees and the fourth attacked the three interrogatories above mentioned.

The chancellor sustained the exceptions and ordered the objectionable matter stricken from the bill of complaint. Afterward the defendants Wright demurred to the bill of complaint for want of equity, for lack of the existence of any materialman's lien upon the property and that no lien could be obtained in the manner alleged for materials furnished in the construction of a building upon land held by a husband and wife by entireties. The demurrer was sustained and the complainant appealed.

The question presented is: whether a parcel of land held by the entireties may be subjected to a materialman's lien

under the statutes of this State where the materialman is not in privity with the owners but gives them the cautionary notice under the statute heretofore mentioned before the owners have paid the contractor.

Estates by entireties are recognized in this State as they existed at common law except as modified by statute or constitutional provisions. See English v. English, 66 Fla. 427, 63 So. R. 822.

In the case of Ohio Butterine Company et al. v. Hargrave, 79 Fla. 458, 84 So. R. 376, the subject of estates by the entireties was clearly discussed by the late Hon. James T. Wills, Judge of the Eighth Circuit, to whom the case was referred. In that case a judgment against Hargrave was sought to be enforced to the extent of his interest in the property held by him and his wife by the entireties. The effect of the decision is that no lien existed, by reason of the judgment against Hargrave, upon the property held by him and his wife by the entireties. Such holding necessarily followed from the doctrine upon the subject of estates by the entireties quoted from the 15 Am. and Eng. Ency. of Law (2 Ed.) 847, and approved. It is said that in such estates the husband and wife become seized of the estate granted *"per tout, et non per my,"* yet neither as joint tenants or tenants in common. While the estate is essentially a joint tenancy, yet it is such a tenancy as is modified by the common law doctrine of the theoretical unity of husband and wife.

Upon the authority of the Hargrave case, *supra*, we hold that neither Mr. Wright nor his wife could, acting separately, create a lien upon the property and under authority of the case of Agin v. Gainesville Planing and Coffin Company, 80 Fla. 679, 87 So. R. 63. Mrs. Wright was in no sense bound either personally or through her interest in the lot by the cautionary notice because there was no

privity of contract between her and the complainant. The "knowledge or assent" mentioned in the second section of Article XI of the Constitution providing that a married woman's real property may be charged in equity for the price of labor and material used with her knowledge or assent in the construction of buildings upon her property may not be shown to exist under the circumstances set out in the bill in this case, but such conditions must exist as show an existing privity between her and the persons furnishing the materials.

In the case of McGill et al. v. Art Stone Construction Co., 57 Fla. 498, 49 So. R. 539, McGill acted in the transaction as the agent for his wife and the court held that in such case equity would under the provisions of our Constitution administer the relief therein secured to creditors of married women. The case of Smith v. Gauby, 43 Fla. 142, 30 So. R. 683, was one also in which there was a privity of agreement between the married woman and the contractor.

Assuming that a man and a woman, his wife, may by one and the same instrument in writing make a valid conveyance of an estate held by them by the entireties it does not follow that a lien may be created upon the property by uniting to the assumed lien against the property in the right of the husband's interest the equitable remedy under the Constitution against the wife's interest. Considered separately neither one has an interest in the right of which a lien can attach, because they hold "*per tout, et non per my*" and there can be no lien which cannot be enforced.

The orders of the chancellor are affirmed.

TERRELL, C. J., AND BROWN, J., concur.

WHITFIELD, P. J., AND BUFORD, J., concur in the opinion and judgment.

STRUM, J., concurs specially.

STRUM, J. (concurring specially).—I concur in the conclusion that whatever may have been the situation prior to Chapter 9296, Laws of 1923, with reference. to the acquisition of materialmen's liens upon estates by the entireties, that statute provides the exclusive method by which such liens may now be acquired. Parker v. Gamble, 118 So. R. 21. The circumstances relied upon by the complainant in this case to entitle it to such a lien do not accord with the requirements of the statute. Therefore no lien was acquired. See Ferdon v. Hendry, 120 So. R. 335.