ALBERT JOHNSON, *et ux.*, v. C. H. LANDEFELD, JR., as Executor of the Estate of Annie Johnson, deceased, and as Administrator *de bonis non cum testamento annexo* of the Estate of Alfred Johnson, deceased, ALFRED KENNETH FORD, *et ux.;* FRANK CLIFFORD FORD, a minor; R. E. DILG, as Guardian of the person and estate of Frank Clifford Ford, a minor; and T. D. ELLIS, JR., as Guardian *Ad Litem* of Frank Clifford Ford, a minor.

189 So. 666
En Banc
Opinion Filed June 6, 1939

512

*John W. Whelan,* for Appellants;

*T. D. Ellis, Jr.,* and *C. H. Landefeld, Jr.,* for Appellees.

PER CURIAM.—In this cause Mr. Justice BROWN, Mr. Justice BUFORD and Mr. Justice THOMAS are of opinion that the decree of the Circuit Court should be reversed while Mr. Chief Justice TERRELL, Mr. Justice WHITFIELD and Mr. Justice CHAPMAN are of opinion that the said decree should be affirmed. When the members of the Supreme Court, sitting six members in a body and after full consideration, it appears that the members of the Court are permanently and equally divided in opinion as to whether the decree should be affirmed or reversed, and there is no prospect of an immediate change in the personnel of the Court, the decree should be affirmed; therefore, it is considered, ordered and adjudged under the authority of State *ex rel.* Hampton v. McClung, 47 Fla. 224, 37 So. R. 51, that the decree of the Circuit Court in this cause be, and the same is, hereby affirmed.

Affirmed.

TERRELL, C. J., and WHITFIELD, BROWN, BUFORD, CHAPMAN and THOMAS, J. J., concur.

WHITFIELD, J.—This appeal is from a declaratory decree as to the legal effect of a conveyance of real estate not the homestead by the husband to himself and his wife as tenants by the entireties, the wife being the niece of the husband.

The chancellor in effect held the conveyance to be effectual to create an estate by the entireties; and that as the marriage was not void but only voidable, after the death of both husband and wife, such conveyance was good against a subsequent devise of the same property to the son of the husband.

A man having title to real estate not his homestead may by appropriate deed convey it to his wife and to himself as tenants by entireties so that such property will not pass to a son under a subsequent will of the grantor husband. The legal effect of the deed in this case is to convey to the wife an interest in the entire estate equal to that reserved by the husband, and the express intent is to create an estate by the entireties. See Section 5670 (3997) C. G. L.; *In re* Klatzl's Estate, 216 N. Y. 83, 110 N. E. 181; Bochringer v. Schmid, 254 N. Y. 355, 173 N. E. 220; Coon v. Campbell, 240 N. Y., *supra, 772.* The deed executed by the husband and wife in legal effect conveys to the wife and reserves to the husband. It affords the five requisites of unity of interest, of title, of time, of possession, and of husband and wife. See 19 Am. Jr. p. 465, Sec. 6; 13 R. C. L., p. 1096, *et seq.;* Dutton v. Buckley, 116 or 661, 242 Pac. 626, 62 A. L. R. text 520; *In re* Vander Grift's Estate, 161 Atl. 898.

While the statutes of Florida forbid the marriage of a man to his niece, the statute also makes such marriage a ground for divorce *a vinculo matrimonii;* therefore, such a marriage is not void, but only voidable. Comp. Gen. Laws 1927, Secs. 7558, 4983, subd. 1.

A conveyance of real estate not the homestead by a man to himself and his wife as tenants by the entireties, is not void because the wife is a niece of the husband, though such marriage is voidable as a ground for divorce; and later the death of both husband and wife, such conveyance to create an estate by the entireties will not be held to be void so as to give effect to a subsequently executed devise of the same property to a son by the husband.

Affirmed.

TERRELL and CHAPMAN, J. J., concur.

BROWN, BUFORD and THOMAS, J. J., dissent.

BUFORD, J.—The appeal brings for review a declaratory decree as follows:

"1. That the legal effect of that certain deed dated May 31, 1928, executed by Alfred Johnson to Alfred Johnson and Annie Johnson, his wife, was to convey the following described property, situate in Broward County, Florida, to-wit: East half (E½) of the Southwest quarter (SW¼) of the Northeast quarter (NE¼) of Southeast quarter (SE¼) and West half (W½) of Southeast quarter (SE¼) of Northeast quarter (NE¼) of Southeast quarter (SE¼) of Section 34, Township 50, South, Range 42 East, to said Alfred Johnson and Annie Johnson, his wife, as an estate by the entirety.

"2. That upon the death of the said Alfred Johnson on the 10th day of January, A. D. 1935, the title to said property vested in said Annie Johnson by survivorship under said estate by the entirety, and said property became the property of the said Annie Johnson.

"3. That upon the death of Annie Johnson on the 5th day of February, A. D. 1935, title to said property under and by virtue of the Last Will and Testament of said Alfred Johnson through devise therein, became the property of

defendants Alfred Kenneth Ford and Frank Clifford Ford, a minor, share and share alike, and said defendants Alfred Kenneth Ford and Frank Clifford Ford, a minor, are now the owners of the fee simple title to said property, share and share alike, the interest therein of said minor, Frank Clifford Ford, being represented by R. E. Dilg as Guardian of the person and estate of said Frank Clifford Ford, a minor.

"4. That no title to said property to defendant Albert Johnson under and by virtue of the Last Will and Testament of Alfred Johnson, deceased, because Alfred Johnson was not seized or possessed of said property, or the owner thereof, upon the date of his death on account of the previous conveyance of said property by said deed dated May 31, 1928.

"5. That defendant Mrs. Alfred Kenneth Ford, wife of Alfred Kenneth Ford, has only her inhoate right· of dower in said property as to the interest therein of her husband, Alfred Kenneth Ford; and defendant Mabel Johnson, wife of defendant, Albert Johnson, has no interest in said property.

"6. That C. H. Landefeld, Jr., as Executor of the estate of Annie Johnson, deceased, and as Administrator *de bonis non cum testamento annexo* of the estate of Alfred Johnson, deceased, is hereby ordered and directed in accordance with the previous adjudication and determination of the rights of the parties defendant herein to carry out the terms of this decree as Executor of the estate of Annie Johnson, deceased, and said plaintiff is directed and ordered that said property is the property of defendants Alfred Kenneth Ford, and Frank Clifford Ford, a minor, as represented by R. E. Dilg, his Guardian; said plaintiff is further directed and ordered as Administrator *de bonis non cum testamento annexo* of the estate of Alfred Johnson, deceased, that the will of said Alfred Johnson, deceased, was completely in-

effectual as to the devise of the property involved herein to defendant Albert Johnson."

The deed from Alfred Johnson to Alfred Johnson and Annie Johnson, his wife, is as follows:

"THIS INDENTURE, Made this 31st day of May, A. D. 1928, between ALFRED JOHNSON of the County of Broward, in the State of Florida, party of the first part, and ALFRED JOHNSON and ANNIE JOHNSON his wife of the County of Broward, in the State of Florida, parties of the second part.

"WITNESSETH: That the said party of the first part, for and in consideration of the sum of Ten Dollars and other good and valuable consideration Dollars to him in hand paid by the parties of the second part, the receipt whereof is hereby acknowledged, has granted, bargained and sold to the said parties of the second part, their heirs and assigns forever, the following described land, situate, lying and being in the County of Broward and State of Florida, to-wit:

"East Half (E½) of Southwest Quarter (SW¼) of Northeast Quarter (NE¼) of Southeast quarter and West Half (W½) of Southeast quarter (SE¼) of Northeast quarter (NE¼) of Southeast quarter (SE¼) all in Section thirty-four (34), Township Fifty (50) South, Range Forty-two (42) East; said lands situate, lying and being in Broward County, Florida.

"And the said party of the first part does hereby fully warrant the title to said lands, and will defend the same against the lawful claims of all persons whomsoever.

"IN WITNESS WHEREOF, the said party of the first part does hereunto set his hand and seal the day and year above written. Signed, sealed and delivered in presence of us:"

Alfred Johnson, the grantor, and Alfred Johnson, the grantee, were one and the same person. So, the first question is: "May an owner of real estate change the

status of his title by a conveyance in which he is both grantor and grantee?"

Every deed conveying real estate must have a grantor and a grantee. 8 R. C. L. 951; Natchez v. Minor, 9 Smedes & M. (Miss.) 544; 48 Am. Dec. 727; Dupree v. Dupree, 49 N. C. 164, 59 Am. Dec. 590; Weihl v. Robertson, 97 Tenn. 458, 37 S. W. 274, 39 L. R. A. 423. And one person cannot occupy, at law, at the same time the position of both grantor and grantee in regard to the same property. 8 R. C. L. 951; Pope v. Brandon, 2 Stew. (Ala.) 401, 20 Am. Dec. 49, 18 C. J. 159; Green v. Cannady, 77 S. C. 193, 57 S. E. 832; Cameron v. Steves, 9 N. B. 141.

In the Green case, *supra,* it is said:

"The next question is whether in a deed purporting to convey the fee to several persons named, including the grantor, any portion of the premises can be construed to remain in the grantor. In 13 Cyc. 527, it is stated that 'a person cannot convey to himself alone, and, if he make a conveyance to himself and others, the latter only will take as joint tenants'—Citing Cameron v. Steves, 9 N. Brunsw. 141. In 9 Ency. Law 109, this case is referred to in a note as holding that a man cannot convey land to himself and, therefore, a deed from A to B., C., and himself, and their heirs being inoperative as to A., vested the whole estate in B. and C. as joint tenants. The note further states that Carter, C. J., said in the case: 'It is laid down in Perkins that a feoffment with livery from A. to A. and B. vests the whole estate in B., for A. could not make livery to himself; therefore, by virtue of the livery to B., he becomes enfeoffed of the whole. The reason of this case would seem not to apply equally to statutory conveyances where no livery is required, and it may be doubted whether a man could enfeoff another of an undivided share of an estate to be held with the feoffment. But there is another

principle which would seem applicable to this case, under which the whole estate would vest in Cameron and Marshall: In Shepherd's Touchstone (a book of very high authority) at page 82, it is laid down: 'If a deed be made to one that is incapable and to others that are capable in this case it shall enure only to him that is capable. And, if they were to be joint tenants, the person who is capable shall take the whole; but, if they were to be tenants in common, he shall have only his particular share.' By no construction under our laws could it be held that Thomas Cannady, Jane Cannady and Nancy Maddox were joint tenants under the deed, but they must be construed to be tenants in common; and, since they take under our statutory conveyance without any feoffment with livery of seisin, the reasoning in the case cited should not be sufficient to construe the deed as conveying the whole estate to them. The question should be determined by ascertaining the intention of the grantor to be gathered from the whole instrument. It is manifest that the grantor did not intend to convey the whole estate to the parties named other than herself, and that her purpose was to remain owner of some interest in the premises. To construe this deed by, in effect, striking her name from it except as grantor, would be to enlarge its legal effect contrary to her express intention."

So the deed was ineffective to convey any title to any estate in the lands to the grantor-grantee and was only effectual to convey a co-tenancy to the other named grantee.

To create an estate by the entireties there must appear five unities or prerequisites, viz.:, The tenants must have one and the same interest; (2) the interests must accrue by one and the same instrument; (3) they must commence at one and the same time; (4) the properties must be held by one and the same undivided possession; (5) there must be unity of person.

The first four prerequisites were essential to a joint tenancy of any sort. See Thornburg v. Wiggins, 135 Ind. 178, 34 N. E. 999, 41 A. S. R. 422, 22 L. R. A. 42; Case v. Owen, 139 Ind. 22, 38 N. E. 395; 47 A. S. R. 253; Martin v. Smith, 5 Bin. (Pa.) 6, 6 Am. Dec. 395; Fran v. Trustees of Grand Lodge A. O. U. W., 83 Wis. 446, 53 N. W. 738, 35 A. S. R. 73, 18 L. R. A. 249; Bassler v. Rewodlinski, 130 Wis. 26, 109 N. W. 1032, 7 L. R. A. (N. S.) 701. Note 4 Am. Dec. 221. Hart's Devisees v. Hawkins' Heirs, 3 Bibb (Ky.) 502, 6 Am. Dec. 666.

That the fifth unity or prerequisite exists in the creation of estates by the entireties cannot be doubted. 13 R. C. L. 1098; Harrison v. Ray, 108 N. C. 215, 12 S. E. 993, 23 Am. St. Rep. 57; 11 L. R. A. 722.

An estate by the entireties is an estate held by husband and wife by virtue of title acquired by them jointly after marriage. Bailey v. Smith, 89 Fla. 303, 103 So. 833. It is recognized in Florida as it existed at common law except as modified by statute or constitutional provisions. Ferris-Lee Lbr. Co. v. Fulghum, 98 Fla. 171, 123 So. 697; English v. English, 66 Fla. 427, 63 So. 822. See Menendez v. Rodriguez (Fla), 143 So. 223.

In this case the deed fails to convey an interest by the entireties because the interest of both husband and wife did not accrue by the same instrument and (2) the interests did not commence at one and the same time. The interest of the husband accrued to him prior to the attempt evidenced by the deed involved here to convey to husband and wife jointly. That interest which was not conveyed by this deed to the wife was retrained in him unchanged, for the reason hereinbefore stated, that in law the grantor cannot convey to himself as grantee. The deed shows upon its face that he did not intend to convey the title to the whole to the other grantee named in the deed and, therefore, the deed cannot

be construed to have passed the entire title to the grantee Annie Johnson. See Green v. Cannady, *supra*.

We have made diligent search of the authorities and find no decisions expressing a contrary view to that herein stated, except cases decided in the State of New York. See Matter of Klatzl, 216 N. Y. 83, and in those cases the courts do not appear to have considered the inability of a grantor to be both grantor and grantee in the same conveyance. Those decisions appear to be based on statutory authority vesting in husband and wife ability to contract with each other. It is true that a husband may under our laws convey property to his wife, but this authority or power does not carry with it the power to convey a title to himself different from that which he already holds and the creation of an estate by the entireties by a deed such as this would constitute the creation of a different estate in himself as grantor to himself as grantee.

It follows that the decree must be reversed with directions that a decree be entered not inconsistent with the views herein expressed. It is so ordered.

BROWN and THOMAS, J. J., concur.