William M. SCHULER, Appellant,

v.

Lillian Corbett CLAUGHTON, individually and as Executrix of the Estate of Edward N. Claughton, deceased, Edward N. Claughton, Jr., and Suzanne Claughton Matthews, Appellees.

No. 16614.

United States Court of Appeals
Fifth Circuit.

Oct. 22, 1957.

James A. Dixon, Miami, Fla., Charles W. Greer, Birmingham, Ala., Dixon, DeJarnette, Bradford & Williams, Miami, Fla., for appellant.

C. B. Kniskern, Jr., W. G. Ward, Miami, Fla., Ward & Ward, Miami, Fla., of counsel, for appellees.

Before HUTCHESON, Chief Judge, and TUTTLE and WISDOM, Circuit Judges.

PER CURIAM.

This appeal presents the question whether the trial court erred in construing a certain deed as conveying an estate by the entireties. The question is to be determined under the laws of the state of Florida, in which the affected land lies and under whose laws the deed is to be construed.

Shortly before his death Edward N. Claughton and Lillian C. Claughton, his wife, signed a deed in the statutory form for a warranty deed conveying the affected property to Edward N. Claughton and Lillian C. Claughton, his wife, as grantees. It is undisputed that a deed from a third party to Edward N. Claughton and Lillian C. Claughton in the form of the deed here before us would have the effect of conveying to the grantees an estate by the entireties. It is the contention however of the appellant here that such a deed does not create an estate by the entireties if it runs from one spouse to another.

We think the opinion of the trial judge, himself a Florida lawyer having distinguished service at the bar of that state, correctly resolves this ques-

tion.[1] On the opinion, therefore, contained in the judgment of the court below, we think the deed created an estate by the entireties. Assuming, but not de-

1. The judgment of the trial court not being reported we reproduce it here in all essential parts:

"This suit was brought by William M. Schuler, son by a former marriage of the deceased Edward N. Claughton, against the deceased's wife at the time of his death, Lillian C. Claughton, individually and as executrix of the deceased's estate, and the children of the deceased and Lillian C. Claughton, Edward N. Claughton, Jr., and Suzanne Claughton Matthews, to test the legal sufficiency of a deed of real property made by the deceased and his wife, Lillian C. Claughton, to themselves. The complaint admits that the deceased was seized in fee simple of the realty described in the deed in question. And the complaint further admits that the deed in question was made by the parties whose names appear thereon. The sole contention to be decided in this suit, as framed by the complaint is whether or not the deed in question created an estate by the entirety. The plaintiff has based his entire cause upon the language employed within the four corners of the deed in question and, therefore, this Court need look no further than the instrument in question to decide these Motions to Dismiss.

"In the case of Johnson v. Landefeld, 1939, 138 Fla. 511, 189 So. 666, the Florida Supreme Court held a deed identical in language to one at bar, to create an estate by the entirety. There, as here, a husband who owned the fee was joined by his wife in a conveyance to themselves. In that case the Florida Supreme Court was equally divided (3–3). Shortly thereafter the Florida Legislature passed Section 689.11 of Florida Statutes, F.S.A., which codified the law upheld in the Johnson v. Landefeld [case], supra. There is no question under Section 689.11 that one spouse can convey to another an interest in real property. But the contention of the plaintiff herein is that the amendment to Section 689.11 passed by the Legislature in 1947, renders the deed in question objectionable. That addition reads: 'An estate by the entirety may be created by the spouse holding fee simple title conveying to the other by a deed in which the purpose to create such estate is stated.'

"This Court is in accord with the statement made by the Supreme Court of Tennessee in Oliphant v. McAmis, 1954, [197 Tenn. 367], 273 S.W.2d 151, at page 154:

" 'We think Chapter 255 of the Public Acts of 1949 has no application to the case at bar. The Act merely provides. that an estate by the entirety may be created by deed of either husband or wife to one another and that the intention to create such an estate must appear upon the face of the instrument of conveyance. This statute makes it possible for either husband or wife to create an estate by the entirety without the necessity of deeding the property to a third party and having that party reconvey to the husband and wife an estate by the entirety.'

"Under the common law a simple conveyance to a husband and wife without anything more being stated creates an estate by the entirety. English v. English, 1913, 66 Fla. 427, 63 So. 822; Knapp v. Fredricksen, 1941, 148 Fla. 311, 4 So.2d 251; Cadgene v. Cadgene, 1939, 17 N.J.Misc. 332, 8 A.2d 858. See Ann[otation], 173 A.L.R. 126; Ann[otation], 32 A.L.R. 630.

"When Section 689.11 of Florida Statutes was passed in its original form in 1941, without any mention being made of one spouse creating an estate by the entirety, there might have been some doubt as to whether the Legislature intended that estates by the entirety could be created by a spouse under that section. But by the amendment in 1947 any such doubt was removed that one spouse could create by conveyance an estate by the entirety by conveying directly to himself and his spouse. Under ordinary circumstances whenever an estate by the entirety is created by the conveyance by a third person, all that is ever done is to convey the property directly to the husband and wife, and nothing else need be stated in the conveyance.

"The simple words of art of merely conveying to a husband and wife in order to create an estate by the entirety have become deeply entrenched in the common law.

"The sole question now before the Court is whether Edward N. Claughton, stated the purpose of conveying an estate by the entirety. Of utmost import is the fact that the words of art in this conveyance, viz; to himself and to his wife, clearly followed the language employed in the past in creating a tenancy by the entirety. In addition, the language in this deed is identical to that used in the case of Johnson v. Landefeld, supra.

"There is no indication in the deed in question that the deceased intended to

ciding, that the statute sets out an exclusive method of creating such an estate between spouses, it is clear that it does not expressly prescribe any precise terms or formula for "stating" the "purpose to create such an estate." The recognized method under the existing law of Florida at the time of the enactment of this statute for the creation of an estate by the entireties in a deed by outside parties was by simple warranty deed running to the named husband and wife. We can think of no better way to satisfy the requirement that the purpose be stated in a deed between spouses than to use the same form which was the recognized way to create such an estate when the grantor was an outsider. This was the form used here.

The judgment is affirmed.

create any other type of interest in the real estate than an estate by the entirety. For this Court to attempt to speculate upon the creation of some other type interest in the property in question would be for the Court to second-guess what is obviously the creation of an estate by the entirety."