**ITT RAYONIER INCORPORATED,**
**a Delaware Corporation,**
**Plaintiff,**

v.

**William L. WADSWORTH et al.,**
**Defendants.**

**No. 72–803–Civ–J–R.**

United States District Court,
M. D. Florida,
Jacksonville Division.

Jan. 3, 1975.

Thomas M. Baumer, Mahoney, Hadlow, Chambers & Adams, Jacksonville, Fla., for plaintiff.

Henry P. Duffett, Duffett, Barry & Seps, Ormond Beach, Fla., for defendant William L. Wadsworth.

Kate L. Walton, Walton Mussoline & Townsend, Palatka, Fla., for defendants Joseph Brady Wadsworth and Mary Elizabeth Wadsworth Taylor.

## ORDER

REED, District Judge.

This cause came on for hearing on the 17th day of December 1974, on the plaintiff's Motion for Summary Judgment filed herein on 21 August 1974. The Court heard argument of counsel for the plaintiff and the defendants and has considered the briefs submitted in support of and in opposition to the motion.

The pleadings, the Pre-trial Stipulation, and the depositions on file establish, without issue of fact, that the defendants are children of L. E. Wadsworth, Sr. who died on 21 September 1935. At the time of his death, L. E. Wadsworth, Sr. was the head of a family and resided on and held fee simple title to the land which is the subject matter of this action.

After L. E. Wadsworth, Sr. died, his widow who was then known as Lotta M. Wadsworth executed a warranty deed purporting to convey to herself and Lewis E. Wadsworth, one of her sons who is not a party to this action, the fee simple title to the real property which is the subject matter of this action. This deed was dated 18 August 1937 and recorded 21 August 1937 in the public records of Flagler County, Florida. (See copy of deed attached to defendants' memorandum filed herein 1 July 1974.) The deed purported to convey a one-fourth undivided interest in the subject property to Lewis E. Wadsworth and a three-fourths undivided interest to his mother, Lotta M. Wadsworth.

By mesne conveyances subsequent to the 1937 deed, the title passed regularly to the plaintiff. The plaintiff is a corporation organized under the laws of Delaware and has its principal place of business in New York City.

The first adverse claim which any of the defendants filed of record to the land was filed on or about 1 January 1971 by the defendant Joseph B. Wadsworth. It took the form of a deed from Joseph B. Wadsworth to himself and his wife. The deed was recorded in Official Records Book 34, at page 587, public records of Flagler County, Florida. See Pre-trial Stipulation. As homestead beneficiaries of their father, Lewis E. Wadsworth, Sr., the defendants each claim to own an undivided one-fourth interest in 160 acres of the property claimed by the plaintiff.

On the basis of the foregoing facts, the only issue of law which is properly before the Court on the plaintiff's Motion for Summary Judgment is whether or not the Florida Marketable Title Act, Chapter 712, Florida Statutes Annotated, as applied to the 1937 conveyance described above, extinguishes the adverse interest of the defendants in the real property in suit. In the opinion of the undersigned, the answer is in the affirmative and the plaintiff is entitled to a summary final judgment.

At the time of the death of Lewis E. Wadsworth, Sr., Article X, Section 1, of the Florida Constitution of 1885, which was in effect at that time, provided:

> "A homestead to the extent of one hundred and sixty acres of land . . . owned by the head of a family residing in this State, . . . and the improvements on the real estate, shall be exempt from forced sale under process of any court, and the real estate shall not be alienable without the joint consent of husband and wife, when that relation exists. . . ."

The pertinent statutory law then provided:

> "The homestead shall descend as other property; provided, however, that if the decedent is survived by a widow and lineal descendants, the widow shall take a life estate in the homestead, with vested remainder to the lineal descendants in being at the time of the death of the decedent." (Ch. 16103, Sec. 28, Laws 1933, F.S.A. Sec. 731.27)

Thus it appears that the defendants, on their father's death, became vested by virtue of the Florida statute quoted above with a one-quarter interest in the fee title to their father's homestead, subject to their mother's life estate.

The Florida Marketable Title Act, adopted in 1963, however, provides in Section 712.02:

> "Any person having the legal capacity to own land in this state, who, alone or together with his predecessors in title, has been vested with any estate in land of record for thirty years or more, shall have a marketable record title to such estate in said land, which shall be free and clear of all claims except the matters set forth as exceptions to marketability in § 712.-03. A person shall have a marketable record title when the public records disclosed a title transaction affecting the title to the land which has been of record for not less than thirty years purporting to create such estate either in:
>
> (1) The person claiming such estate; or
>
> (2) Some other person from whom, by one or more title transactions, such estate has passed to the person claiming such estate, with nothing appearing of record, in either case, purporting to divest such claimant of the estate claimed."

The 1937 deed from Lotta M. Wadsworth to herself and to her son Lewis was unquestionably a "title transaction affecting the title to the land" within the contemplation of the aforesaid provisions of the Florida Marketable Title Act. In Marshall v. Hollywood, Inc., Fla.App.1969, 224 So.2d 743, 749, 750; cert. denied, Fla.Sup.Ct.1970, 236 So.2d 114; cert. denied, 400 U.S. 964, 91 S.Ct. 366, 27 L.Ed.2d 384, it was held:

> ". . . We conclude, therefore, that Section 712.02 declares the existence of a marketable record title when a person is shown by the record to have been vested with any estate of land for thirty years or more. In our opinion the application of Section 712.02 is not conditioned upon an actual vesting of some estate or interest in a person claiming the benefit of the act."

Thus, by virtue of the Florida Marketable Title Act, the defendants' claims have been extinguished, unless their interests are among those protected from extinction by Section 712.03 of the Act.

Section 712.03 delineates specifically the interests which are not subject to extinction by the Act, and the statutory interest of homestead beneficiaries which vested prior to the root of title is not among them. Thus, the only reasonable assumption to be drawn from the express terms of the Act is that the Legislature did not intend to except therefrom such interests of persons claiming under the homestead statute (now F.S.A. § 731.27). See Marshall v. Hollywood, Inc., Fla.App.1969, 224 So.2d 743, 750, where the Court said:

". . . The specific enumeration of exceptions to the act in Section 712.03 and the specific provision in Section 712.05 for the protection of valid claims indicates a legislative intent to exclude no other claims from extinction by the operation of Sections 712.02 and 712.04."

To adopt the defendants' contention would be to subvert the major legislative purpose of the Act which is, as stated by the Florida Supreme Court in Marshall v. Hollywood, Inc., ". . . to simplify and facilitate land title transactions by allowing persons to rely on a record title as described by F.S. § 712.-02, F.S.A., subject only to such limitations as appear in F.S. § 712.03, F.S.A."

The defendants rely on the case of Reid v. Bradshaw, Fla.App.1974, 302 So.2d 180. That case is distinguishable from the present case in that there the homestead rights arose *after the root of title* and the deed relied on as the root of title was so drawn as to give notice that it was in violation of potential homestead rights. Thus, the root of title was considered to have had inherent defects which, of course, are items not extinguished by the Act when they appear in the root of title or deeds thereafter. See Section 712.03. The Court, in Reid v. Bradshaw, made this point

plain at page 183 of its opinion wherein it stated:

"It was the allegation in the complaint that fixed the root of title in the 1929 deed which was so irregular as to raise a red flag as to homestead rights accruing to the heirs of the grantor in said deed.",

but it also made it plain that:

"Had the root of title been fixed in the 1938 deed, it is probable that the same red flag would not have been raised and probably the Marketable Record Title of Real Property Act would have been conveyed [sic] by the Marshall decision."

The 1937 deed which here is claimed as the root of title has no inherent defects. It is regular on its face and gives no notice of a violation of homestead or other antecedent rights. That the grantor in the deed is also a grantee does not invest the deed with an inherent or apparent defect—particularly where the intent of the parties is clearly apparent from the face of the deed. Compare Johnson v. Landefeld, 1939, 138 Fla. 511, 189 So. 666, and Florida National Bank of Jacksonville v. Gann, Fla.App.1958, 101 So.2d 579.

For the foregoing reasons, this Court concludes that the Florida Marketable Title Act, as applied to the 1937 deed, extinguishes the interests of the defendants in the real property which is the subject matter of this action and the plaintiff is entitled to a summary judgment perfecting its title as against those defendants.

It is, therefore,

Ordered that the plaintiff's Motion for Summary Judgment is granted.

Further ordered that the plaintiff shall prepare and submit to the Court, with the prior approval of the defendants as to form only, a proposed final judgment.